[No. 9,666. Department Two.—January 10, 1885.]

## JAMES McKUNE, RESPONDENT, *v.* CALIFORNIA SOUTHERN RAILROAD COMPANY, APPELLANT.

NEGLIGENCE — LABORER ON RAILROAD — CONTRIBUTORY NEGLIGENCE.—A laborer on the track of a railroad, while acting under the direction of a foreman, is not guilty of contributory negligence in returning from his place of work on a hand-car, although at a later hour than usual.

ID.— TRAIN DISPATCHER AND LABORER—FELLOW EMPLOYEES.—A train dispatcher and material man on a railroad, having authority to employ and discharge men, and direct the movements of trains, is not a fellow employee with an ordinary track laborer.

APPEAL from a judgment of the Superior Court of the county of San Diego, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*M. A. Luce,* for Appellant.

*Z. Montgomery,* and *Conklin & Hunsaker,* for Respondent.

Myrick, J.—Action for damages, for injuries received by plaintiff, a laborer, while in the employ of defendant.

The defendant was constructing a railroad from San Diego to Colton.   Some twenty miles of the road had been constructed from National City towards Colton.   The plaintiff was a laborer, who, with four others under one Lynch, foreman of the gang, had been sent out on the 24th of October to make some repairs at a point on the line of the road.   On the same day an extra gang of five men was sent out to assist them.   Lynch's men went out on a hand-car, furnished for the purpose, the extra men being taken out on a construction train, and set down at the point of work.   Lynch had instructions to bring in the extra men with him, at night, on the hand-car.   The usual direction was to be in as near six o'clock as could be.   In order to comply with this direction, the men usually worked at that season of the year until some time between five and six o'clock, when the hand-car would be put on the track, and the men would come in on it.   On the occasion involved in this action, Lynch directed the men to stop work at five o'clock, earlier than usual, having the five extra men to bring in, and put the hand-car on the track for return.   The having eleven men instead of six (the usual number), would naturally and did delay the moving of the hand car; so much so, that at about half past six o'clock, the time the occurrence took place, the men had not reached the station.   A special train, consisting of a locomotive and a flat car, was sent out about 5.50 P. M. to go up the road and bring in other men.   This train was sent out by one Fisher, who was material agent and train dispatcher for defendant, and had charge of the moving of trains.   This train was backing up, the conductor, with a conductor's white light, being on the flat car ; the conductor had no orders as to the hand-car, and the men on the hand-car had no information that the train was to be sent out.   The only train running regularly was a construction train, which was at the upper end of the

track, and was delayed to bring in some men from that point. At about half past six, after dark, the hand-car and the special train came together. The plaintiff was engaged in turning the crank of the hand-car, and therefore not in a condition to be on the lookout ; others on the car saw a white light some distance ahead, and supposing it to be the light of some carpenters at work on a tank near the track, gave no alarm. The men on the hand-car had no light. The conductor of the train had a white light in his hand, and he was at the brake. The train was then running at the rate of twenty miles an hour. He saw no object on the track until, as he says, when within about one hundred feet, he saw something, but could not say what it was; he give signal to reverse the engine, and applied the brake, but too late, for the collision immediately occurred. Just before the collision, the foreman on the hand-car saw the danger, and gave the alarm, and all the men except the plaintiff jumped off and escaped comparatively unhurt; the plaintiff was not able to escape in time to save himself, and received serious injuries.

The jury gave the plaintiff a verdict for $10,000 damages, and the defendant appealed.

The defendant thinks the plaintiff should not be allowed to have judgment, because,

First.—He was guilty of contributory negligence. It was usual for hand-cars to be in at the station at 6 o'clock ; by remaining on the track after that hour, the plaintiff contributed to the cause of the injury.

In regard to this point, it is sufficient to say that plaintiff was under the direction of a foreman, as to the hours of labor, and as to the movements of the hand-car. The company, by its authorized officer, had encumbered the hand-car by an extra and unusual number of men. Notwithstanding the men, by order of the foreman, quit work and started to return earlier than usual, yet the extra load prevented them from making the station before dark—which, at that season of the year, was about 6 o'clock.

Second.—Fisher, the material agent and train dispatcher, was a fellow employee with the plaintiff, within the meaning of section 1970, Civil Code, and therefore the defendant is not liable.

A rule of the company declared that no extra engine either with or without train, unless in company with a regular train, would pass over any portion of the road, except on an order from the material agent or train dispatcher. The train in question was sent out by the material agent and train-dispatcher, and showed no light except the usual conductor's light, which was easily mistaken for a light at the side of the road. We think that Fisher was not a fellow employee of the plaintiff, within the meaning of the section referred to. (*Beeson* v. *Green Mountain G. M. Co.*, 57 Cal. 20.) He represented the defendant; was a vice-principal; he employed and discharged men, and directed the movements of trains. When he directed the extra train to go up the road, the company directed it.

We think that the jury was justified in concluding that the facts presented a case where a laborer, placed by the company under the direction of a foreman, and while acting in accordance with such direction, in the ordinary pursuit of his labor for the company, was injured by an occurrence caused by the company —not intentionally, of course, as to the result, yet caused by the company—and that the company alone was guilty of negligence.

This view practically disposes of the questions presented by the appellant.

Judgment and order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.