[No. 11383. In Bank. — June 13, 1887.]

ELLEN BROWN ET AL., RESPONDENTS, v. CENTRAL PACIFIC RAILROAD COMPANY, APPELLANT.

RAILROAD — CONTRIBUTORY NEGLIGENCE. — The action was brought to recover damages for the death of a conductor on one of the trains of the defendant. On a review of the evidence, held, that the brakemen and conductor were guilty of negligence contributing to the injury, and that the defendant was not liable.

ID. — FELLOW-SERVANTS. — The brakemen and conductor on a railroad train are fellow-servants.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Glassell, Smith & Patton, Creed Haymond,* and *W. C. Belcher,* for Appellant.

*Howard, Brousseau & Howard,* for Respondents.

HAYNE, C.—Since the former decision (12 Pac. Rep. 512) the case has received a thorough discussion, which has induced a change of view.

Gilman G. Brown was conductor on one of the defendant's trains running between Los Angeles and Yuma. During the night of April 7, 1877, his train parted. The forward portion, on which were the engineer, the fireman, and the head brakeman, ran ahead of the rear portion, on which were the conductor and the two other brakemen. When the forward portion had got considerably in advance, the head brakeman discovered what had occurred, and he thereupon had the engine stopped, and going upon the top of the rear car, signaled the engineer to back. The engineer obeyed the signal, and the other portion of the train coming on of its own momentum, a collision occurred, which caused the death of the conductor. His widow and heirs bring this action against the company.

Nothing can be plainer than that if two bodies keep moving towards each other on the same track, a collision must result. It is evident, therefore, that somebody on those trains must have been guilty of negligence. Who was it? those on the forward portion, or those on the rear portion, or both? We think that there was negligence on both sides.

1. The track being slightly down grade, the head brakeman ought to have known that it was imprudent to back. He ought to have kept his portion of the train

moving on, " even to the next station, if necessary," or at least he should have allowed ample time to elapse before starting back to see what had become of the other portion of the train.  The course adopted was, under the circumstances, dangerous in the extreme, and was one of the main causes of the accident.  But the blame rests upon him, and not upon the engineer.  The uncontradicted evidence is, that when a train parts, under the circumstances shown in this case, the head brakeman becomes the conductor of the portion on which he is, and has control of the engineer.  Rule 44 is not in conflict with this.  The injunctions laid by that rule upon the engineer are not intended to prevent his obeying the higher authorities.  If the conductor or head brakeman is there, the engineer must obey his instructions, and the evidence shows that he did obey them.  This being the case, the evidence introduced to show the incompetence of the engineer becomes immaterial.  The negligence was that of the head brakeman; and since he was the fellow-servant of the deceased, and no want of care in his selection is imputed to the company, it cannot be held liable for what occurred.  And if it be said that, conceding the engineer did right in obeying the signals to back, yet that in backing he ought to have sounded his whistle and rung his bell, the answer is, that the inducing cause of the accident was backing at all, and that, this having been done, there is only a bare possibility that the taking of the precautions mentioned would have made any difference, especially in view of the fact that neither of the brakemen on the other portion ·of the car was at his post, and that nobody there was aware that the train had parted.

2.  There seems to have been even greater negligence on the part of those on the rear portion of the train.  They were not aware that the train had parted.  This resulted from the brakemen not being at their posts.  The middle brakeman and the end brakeman were in

the baggage-car with the conductor.  They should have been at their posts,— one towards the middle of the train, and the other at the end.  In view of what happened, it was especially important for the middle brakeman to have been attending to his duties.  He testified as follows: " *Question.*  Had you been there could you have had an opportunity of finding out that these rear cars had become detached and uncoupled?  *Answer.*  Most assuredly I should have seen it."  There was not the shadow of an excuse for his absence.  He had been called into the car by the deceased to assist in calling off way-bills, a thing which he should not have been taken from his post to do, and was allowed to lounge there after the calling off of the way-bills had been concluded, which was inexcusable.  There is some testimony that he was "sick" at the time; but it is not pretended that he was incapacitated from attending to his duties; and nothing short of incapacity would have justified the conductor in jeopardizing the lives and property on the train by allowing the brakeman to neglect his duty.

The rear brakeman was in the car, " assorting out some mail that I had to distribute."  It is not suggested that he had any connection with the post-office, and we do not understand what business he had with the mail.  Just before the accident he had taken a seat in the baggage-car.  He says: "I had no more than seated myself in the end of the coach than the collision took place."

All this showed negligence on the part of the deceased.  It was his duty as conductor to see that the brakemen were at their posts.  He not only did not do this, but he was the direct cause of the absence from duty of the most important of them.  He was therefore directly chargeable with the consequences.

Either of the foregoing grounds constituted a defense to the action; and the evidence in support of each is uncontradicted.  If it be said that the presence of the middle brakeman at his post might have made no differ-

ence, because he might not have discovered the parting of the train, the answer is, that he testifies that he would have discovered it; and this testimony is not only uncontradicted, but is in accordance with all the probabilities.   And if it be objected, with reference to the other ground, that if the engineer, when backing, had blown his whistle and rung his bell, it might have apprised those on the rear portion of the train of their danger, the answer is, that backing at all was, under the circumstances, the fatal move, and that, in view of the state of things on the rear portion of the train, there is no reason to suppose that the precautions mentioned would have made any difference in the result.

But if we assume that the accident might possibly have been avoided in the contingencies mentioned, the negligence of the fellow-servant in the one case, and the contributory negligence of the deceased in the other, being clearly shown, and directly conducing to the accident, the mere possibility that it might or might not have been avoided in a certain contingency is but slight evidence; and the provision of the Code is that slight evidence will not support a verdict.   (Code Civ. Proc., sec. 1835.)

We therefore advise that the judgment and order be reversed, and the cause remanded for a new trial.

Belcher, C. C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.

Rehearing denied.