[No. 12660.   In Bank. — April 30, 1889.]

## BARTHOLOMEW FAGUNDES, RESPONDENT, *v.* CENTRAL PACIFIC RAILROAD COMPANY, APPELLANT.

NEGLIGENCE — RAILROAD — LABORER IS FELLOW-SERVANT WITH TRACK-WALKER AND CONDUCTOR. — A laborer employed by a railroad company to remove snow and other obstructions from its track is a fellow-servant, and employed in the same general business, with a track-walker and train conductor, and for personal injuries to him caused by the combined negligence of the latter two the company is not liable.

ID. — NEGLIGENCE WHEN QUESTION OF LAW. — Where the facts are undisputed, the question of negligence is one of law, to be passed on by the court.

ID. — RENEWAL OF MOTION FOR NONSUIT — EVIDENCE. — It is not error to permit a defendant to renew a motion for a nonsuit after introducing evidence in its own behalf, when the entire evidence is such that if the motion had been denied and a verdict found for the plaintiff, it would have been the duty of the court to set the verdict aside as not supported by the evidence.

APPEAL from an order of the Superior Court of Placer County granting a new trial.

The facts are stated in the opinion.

LXXIX. CAL.—7

*Hale & Craig*, for Appellant.

The defendant is not liable, as the evidence shows that the deceased and the track-walker and conductor were fellow-servants, engaged in the same common employment. (Civ. Code, sec. 1970; *Yeomans* v. *Contra Costa S. N. Co.*, 44 Cal. 71; *Hogan* v. *Central P. R. R. Co.*, 49 Cal. 128; *Collier* v. *Steinhart*, 51 Cal. 116; *McLean* v. *Blue Point Gravel Min. Co.*, 51 Cal. 257; *McDonald* v. *Hazletine*, 53 Cal. 35; *Beeson* v. *Green Mountain G. M. Co.*, 57 Cal. 20; *Brown* v. *Central P. R. R. Co.*, 72 Cal. 523.) In cases like the present, where the evidence is uncontradicted, the question of negligence is one of law. (*Flemming* v. *W. P. R. R. Co.*, 49 Cal. 253; *Fernandes* v. *Sacramento R. R. Co.*, 52 Cal. 50; *Sweeney* v. *C. P. R. R. Co.*, 57 Cal. 15; *Glascock* v. *C. P. R. R. Co.*, 73 Cal. 137.)

*T. H. Laine*, and *Wallace & Prewett*, for Respondent.

The deceased and the track-walker and conductor were not fellow-servants. (*Chicago & M. R. R. Co.* v. *Ross*, 112 U. S. 390; *St. Louis & S. F. R. R. Co.* v. *Weaver*, 35 Kan. 412; *Hobson* v. *N. M. & A. R'y Co.*, 11 Pac. Rep. 545; *Beeson* v. *G. M. G. Co.*, 57 Cal. 21; *McKune* v. *Cal. S. R. R. Co.*, 66 Cal. 302; *Brown* v. *Sennett*, 68 Cal. 226; 58 Am. Rep. 8; *Sanborn* v. *Madera F. & T. Co.*, 70 Cal. 262; *North P. R. R. Co.* v. *Hubert*, 116 U. S. 646.)

FOOTE, C. — The plaintiff brought this action to recover damages for the death of his son, caused by the alleged carelessness of the defendant.

After the introduction of the evidence on the part of the plaintiff, the defendant moved for a nonsuit, which was refused. It then introduced evidence in its own behalf, after the conclusion of which a motion for a nonsuit was again made and granted. The plaintiff then moved for a new trial, which the court allowed, from which the defendant appeals.

There is no conflict in the evidence.

The deceased was a laborer employed by the defendant to remove snow and other obstructions from its track, and was under the immediate control of a road-master.

He had directed the former to take his place in the car having sleeping accommodations, in company with other laborers, to be transported by an expected train to another part of the road, in order that he might perform certain work which had to be done in clearing the track of snow.

The laborers were asleep in the car on a side-track, when a train which had to get upon that track, in order to permit a passenger train to pass, collided with the car in such a way as to cause a snow-shed to fall upon it, whereby the deceased was killed. The accident was primarily caused by a track-walker, by the name of Joe Rabbitt, who interfered with a switch with which he had no concern, turning the car-wheels in the wrong direction, and of the conductor of the train, perhaps, in not being sufficiently on the alert to prevent the intermeddling of Rabbitt. Conceding, without deciding, that the evidence was responsive to the issues made by the pleadings, the question to be determined is, whether or not the Central Pacific Railroad Company is responsible for the carelessness of the conductor and track-walker.

If they are to be held as the fellow-servants of the deceased, and engaged about the business of their common master, in the same general employment, then the company would not be responsible, unless the record shows that the defendant neglected to use ordinary care in the selection of the conductor and track-walker. (Civ. Code, sec. 1970; *Stephens* v. *Doe*, 73 Cal. 28; *McLean* v. *Blue Point Gravel Mining Company*, 51 Cal. 257; *Fisk* v. *C. P. R. R. Co.*, 72 Cal. 42; *Brown* v. *C. P. R. R. Co.*, 72 Cal. 523.) There is nothing in the evidence which tends to show any negligence on the part of the defendant in the selection of the employees whose carelessness caused the casualty.

Neither the conductor nor track-walker is shown to have had anything to do with the selection of employees for the company, nor is it made evident that either of them was in any sense managing assistant for it in the conduct of its general business as a railroad company. They had with the laborer who was killed certain duties to perform as employees of the company, in the same general business. The conductor ran the train, the track-walker was to see that the track was clear of obstructions, and to signal when they existed; the laborer was engaged on his part in helping to keep the track in good order, so that the trains might run upon it in safety; they all must have known the dangers incident to their employment; they were fellow-servants of the same employer, and employed by it in the same general business. The deceased met his death through the negligence of the conductor and track-walker, and not that of the railroad company, which, therefore, is not responsible.

The exception taken to the order permitting the defendant to renew its motion for a nonsuit after introducing its evidence is not well taken, for if the motion had been denied and a verdict found for the plaintiff, it would have been the duty of the court to have set aside the verdict as not supported by the evidence. (*Vanderford* v. *Foster*, 65 Cal. 49.)

In cases where the facts are undisputed, the question of negligence is a question of law to be passed on by the court. (*Glascock* v. *C. P. R. R. Co.*, 73 Cal. 137, and cases cited.)

The judgment of nonsuit was correct, and the order granting a new trial should have been refused.

For these reasons we advise that the order appealed from be reversed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order appealed from is reversed.

PATERSON, J., dissenting..—I am unable to distinguish this case from *McKune* v. *Cal. S. R. R. Co.*, 66 Cal. 302, and other recent cases in which it has been held here that an employee in one department of a business like railroading or mining is not a fellow-servant of an employee in another and different department of the business. In *McKune* v. *Cal. S. R. R. Co.*, 66 Cal. 302, it was held that a train-dispatcher and material-man was not a fellow-servant of an ordinary track-laborer. Mr. Justice Field in a recent case said: " The question in all cases, therefore, is, What is essential to render the service in which different persons are engaged a common employment? And this question has caused much conflict of opinion between different courts, and often much vacillation of opinion in the same court. . . . . There is, in our judgment, a clear distinction to be made in their relation to their common principal between servants of the corporation, exercising no supervision over those engaged with them in the same employment, and agents of the corporation clothed with the control and management of a distinct department in which their duty is entirely that of direction and superintendence. A conductor, having the entire control and management of a railway train, occupies a very different position from the brakemen, the porters, and other subordinates employed. He is, in fact, and should be treated as, the personal representative of the corporation, for whose negligence it is responsible to subordinate servants. . . . . In no proper sense of the term is he a fellow-servant with the firemen, the brakemen, the porters, and the engineer. The latter are fellow-servants in the running of the train under his direction; as to them and the train, he stands in the place of and represents the corporation. As observed by Mr. Wharton, in his valuable treatise on the

Law of Negligence, . . . . 'the true view is, that as corporations can act only through superintending officers, the negligences of those officers with respect to other servants are the negligences of the corporation.'" A large number of cases are cited and reviewed in support of the principle of law enunciated therein.

In that case, the plaintiff, an engineer, received injuries through the negligence of the conductor of his train, and it was held that the relation of fellow-servant did not exist, and the company was liable. (*Chicago & M. R. R. Co.* v. *Ross*, 112 U. S. 377.)

But the exigencies of this case do not require us to say that the engineer of a train is not a fellow-servant with any other of the employees on the same train with him. We have held that a conductor and brakeman are fellowservants. (*Brown* v. *C. P. R. R. Co.*, 72 Cal. 523.) The case before us is a much stronger case against the company than the one above referred to, — *Chicago & M. R. R. Co.* v. *Ross.* The relationship between those who caused the accident here and the deceased was not nearly so close as that of employees on the same train. The deceased was a laborer employed by defendant to remove snow and other obstructions from its track, and was under the immediate control of a road-master. There was no contributory negligence on his part in sleeping in the car on a side-track under directions of the roadmaster. (*McKune* v. *Cal. S. R. R. Co.*, 66 Cal. 302.) It is admitted that the accident was primarily caused through the negligence of a track-walker named Rabbitt, and the conductor of the train which collided with the car in which the laborers were sleeping.

The case before us is very much like *St. Louis & S. F. R. R. Co.* v. *Weaver*, 35 Kan. 412. The question there was, whether a section boss was a fellow-servant of an engineer, and it was held that he was not. The court said: "The division road-master, and the section foreman and his assistants, were in one line of duty,

while the train-men were in another and a different line of duty, and each set within its own line of employment represented the master as to the other set, and the members of one set were not the near fellow-servants with the other set." In the eleventh volume of the Pacific Reporter, at page 545, another somewhat similar case is reported (*Hobson* v. *N. M. & A. R. R. Co.*), in which the court held that a teamster engaged in hauling ties for the construction of a railroad was not consociated with the engineer of the train on which the teamsters and other workmen were in the habit of riding back and forth from their headquarters to the place of work, so as to defeat the recovery against their common master for injuries received through the negligence of the engineer. ·

THORNTON, J., concurred with Mr. Justice PATERSON.

Rehearing denied.