[Civ. No. 68.   Third Appellate District.—November 11, 1905.]

BROUNTON & ROBERTSON, Appellants, v. SOUTHERN
PACIFIC COMPANY, Respondent.

CARRIERS—LIMITATION OF LIABILITY—LOSS NOT CAUSED BY NEGLIGENCE —UNEXECUTED AGREEMENT AS TO GROSS NEGLIGENCE.—A carrier may limit its liability for loss or damage to goods shipped except such as may be proximately caused by its negligence; but an agreement that the carrier is not to be liable for any loss or damage except such as may be caused by its gross negligence, which is unexecuted by the consignor, is of no binding effect.

ID.—LOSS BY FIRE—ABSENCE OF NEGLIGENCE—UNDISPUTED FACTS— QUESTION OF LAW—NONSUIT.—Where the goods shipped were lost

by fire at the depot, when ready to be unloaded, and all the facts relating to the loss, and the efforts of defendant's agents and employees to prevent the loss, were fully gone into upon the examination and cross-examination of the plaintiff's witnesses, and the undisputed facts thus elicited showed clearly that the defendant was not guilty of negligence or want of proper care, the question of negligence was one of law for the court, and it properly granted a nonsuit.

Id.—Notice to Consignee Rendered Immaterial.—Where the undisputed evidence shows that the consignee left town on the morning of the day the goods were received, and did not return until the goods were burning or were consumed, and the consignee could not have been notified to take the goods away before their destruction by the fire, it becomes immaterial whether any notice was attempted to be given to the consignee.

Id.—Variance Justifying Nonsuit.—Where the complaint proceeds upon the theory of the common-law liability of the carrier, and the plaintiff's evidence showed a special contract limiting the carrier's liability for loss, not proximately caused by its negligence, the variance is a sufficient ground for a nonsuit.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

W. A. Gett, for Appellants.

Devlin & Devlin, for Respondent.

BUCKLES, J.—This is an appeal by the plaintiffs from a judgment dismissing their action upon motion of defendant for nonsuit and motion granted.

The complaint is for damages in the sum of $387.18 against the defendant for failure, as a common carrier, to carry from Sacramento and deliver at Wheatland to the consignee certain moldings and other building material, said defendant having undertaken and agreed to do so; alleging as follows: "That defendant did not safely carry and deliver the said goods pursuant to said agreement, but, on the contrary, defendant so negligently and carelessly carried and hauled the same in his calling as common carrier, that the said goods were wholly destroyed and lost to the plaintiffs."

Defendant's answer denies all the material allegations of the complaint, and alleges that the goods were received by

it under a special contract, which contained the following: "Delivery: Freight carried by this line must be removed from the station immediately on its arrival, being at owner's risk thereafter, and if not taken within twenty-four hours after arrival it may be stored at the owner's risk. Responsibility: The responsibility of this company and each succeeding carrier for loss or damage does not extend beyond its own line. None of said carriers is to be liable for any loss or damage of any kind, except such as may be proximately caused by its negligence." There is still another clause in the agreement referred to in the answer, which reads as follows: "We hereby agree that none of the said carriers is to be liable for any loss or damage of any kind, except such as may be caused by its gross negligence."

There seems to have been a failure of plaintiffs to execute this release claim, and therefore it could have no binding effect.

The execution of this written contract was admitted, and went in evidence without objection on cross-examination of plaintiffs' witnesses and as a part of plaintiffs' case, and the bill of exceptions contains the following stipulation relating thereto: "It is hereby stipulated that at the time of the making of the aforesaid shipping order, the said Southern Pacific Company made and delivered to the said Braunton & Robertson a shipping receipt signed by it which was and is in the words and figures the same as the foregoing shipping order, and on the back of said shipping receipt was and is the same words and figures as those contained on the back of the foregoing shipping order, and the said shipping order and shipping receipt constituted the contract between the aforesaid parties, as plead in the answer." Plaintiffs also admit in their brief that defendant could limit its liability as a common carrier. (Civ. Code, sec. 2174.)

On July 3, 1903, plaintiffs delivered to the defendant at Sacramento the goods mentioned, to be shipped to Wheatland and there to be delivered free on board cars to one J. A. Swanton, the plaintiffs signing the shipping order, and defendant executing and delivering to plaintiffs the said shipping receipt, in relation to which the above stipulation was made. On July 4, 1903, about 1 or 1:30 o'clock P. M., the car in which the said goods were contained arrived at

Wheatland and was set out on a siding in front of defendant's warehouse ready to be unloaded. Wheatland is a town of six hundred or seven hundred inhabitants, and at 8 o'clock A. M. of July 4th the consignee, with many citizens, had gone to Lincoln to a celebration, and did not return until about 3:30 o'clock P. M. of that day. About 2:30 o'clock the same afternoon a fire started in a dwelling situated about one hundred and twenty-five or one hundred and fifty yards from the depot, and where the said car was standing and spread rapidly in that direction, burning and consuming several buildings before reaching the depot. The car containing said goods, three other cars, the depot, warehouse, and freight shed all caught from this fire and were burned. There was no switch engine at the station, the trains doing their own switching. The assistant station agent and a warehouseman, defendant's employees, were present and assisted with buckets and a hose to put out the fire, but the fire reached the car in thirty minutes after starting, and said car could not be saved, and the said car and its contents were consumed. There was no claim to that effect and no evidence that the fire was started by this defendant or through any negligence of any of its agents or servants. There was no evidence on the part of plaintiffs tending to show negligence on the part of defendant. Plaintiffs proved the delivery of the goods to defendant to be carried to Wheatland, that they were so carried, the value, and nondelivery, because being destroyed by fire after their arrival at Wheatland and while still in the car. At the close of plaintiffs' testimony defendant moved for a nonsuit, which was granted.

The contention of plaintiffs is that, having proved the shipment, value, nondelivery, and the destruction of the goods, the burden of proving the loss to have been from causes other than the negligence of the defendant was upon defendant, and therefore a nonsuit should not have been granted. All the facts in relation to the loss and the cause thereof, the conditions at the depot, and what was done by defendant's agents, servants, and employees toward extinguishing the fire and to preserve the said goods, was fully gone into in plaintiffs' case, in the direct and cross-examination, the defendant showing by the cross-examination all that apparently could be shown in relation to no negli-

gence on the railroad's part, and, the facts being undisputed, the question of negligence becomes one of law, and the mere deduction as to whether there was negligence on the part of the defendant which proximately or at all contributed to the loss or not is a conclusion of law for the court to reach in passing upon the motion for a nonsuit.  (*Flemming* v. *Western Pac. R. R. Co.*, 49 Cal. 253; *Fagundes* v. *Central Pac. R. R. Co.*, 79 Cal. 97, [21 Pac. 437]; *Overacre* v. *Blake*, 82 Cal. 77, [22 Pac. 979].)

It seems to me under the authority of *Wilson* v. *California Cent. R. R. Co.*, 94 Cal. 166, [29 Pac. 861], and the authorities there cited, that where a common carrier undertakes to carry goods, and the undertaking is under a special contract exempting such carrier from liability for loss or damage, excepting for negligence, and the goods are burned while in the possession of the carrier, and, when sued to recover for the property, he sets up the fire and that destruction of the goods was by no negligence of his, the burden of proof will be upon him to show that the loss did not occur by reason of any negligence of his.  A contrary rule exists, I know, in some other states, notably in Indiana and New York, as shown by authorities from those states, presented by defendant in its brief.

But to my mind it is immaterial what the rule may be in this state, so far as this case is concerned, for the whole question of the fire, so far as defendant was concerned, was fully gone into by plaintiffs in their examination in chief of the witnesses and by the defendant in its cross-examination of plaintiffs' witnesses.  And this testimony showed clearly that the defendant was not guilty of negligence or want of proper care.  True it might be said defendant should have notified the consignee immediately of the arrival of the goods, so that he might have removed them between the hour of their arrival and the time when the fire occurred.  In this respect all that would be required would be that notice be sent through the mail, where the consignee was not present to receive any verbal notice.  But the testimony, undisputed, shows that the consignee left town at 8 o'clock A. M. of the day the goods arrived and did not return until 3:30 o'clock P. M., when the goods were burning or had been consumed. Under the circumstances of the fire it becomes immaterial

2 Cal App.—12

whether there was any notice attempted to be given the consignee, or that freight was not delivered on July 4th or other holidays, or that the goods were not unloaded on arrival and put in the warehouse. The consignee could not have been notified to take the goods away before their destruction by the fire. Upon these grounds we think the nonsuit was properly granted.

Another cause for the nonsuit argued by the defendant is that the complaint proceeds from the theory that the liability of defendant for the loss of the goods was the common-law liability of a common carrier, and that it was responsible unless it could show that the loss was the result of some inherent defect, the act of a public enemy, the act of law, or the act of God, and that, when it comes to the proof, it was shown that the liability, if any, must be determined by the special contract under which the goods were received and carried to Wheatland. The special contract was set up and pleaded in the answer, and the admission of plaintiffs that it constituted the contract between themselves and the carrier, seems to me, shows such a variance between the complaint and plaintiffs' proof as would justify a nonsuit on motion of defendant.

As the nonsuit was properly granted upon other grounds herein stated, we do not deem it necessary to decide the question as to who has the right to sue—the consignor or consignee.

The judgment is affirmed.

Chipman, P. J., and McLaughlin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 11, 1905, and the following opinion was then rendered:

BUCKLES, J.—This is a petition for rehearing. Petitioner insists that his authorities all unite in showing that a nonsuit can only be granted when there is no evidence whatever supporting plaintiffs' cause of action. We agree with this contention. In the opinion in the case we rehearsed the evidence very fully, and there is absolutely no evidence of negligence on the part of the railroad company. As we are

still of the opinion that the nonsuit was properly granted, we see no reason for granting a rehearing.

The petition for rehearing is denied.

Chipman, P. J., and McLaughlin, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1906.