[No. 3,620.]

## MARTIN HOGAN v. THE CENTRAL PACIFIC RAILROAD COMPANY.

LIABILITY OF MASTER FOR NEGLIGENCE OF SERVANT.—The master is not liable to his servant, for damages sustained by the negligent act of a fellow-servant while engaged in the same general employment, unless the master was negligent in the selection of the servant at fault.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

The plaintiff appealed. The other facts are stated in the opinion.

*McKune & Welty*, for the Appellant, in support of the proposition that the defendant was liable, cited *Dixon* v. *Rankin*, 1 Am. Rail. cases, 569; *Louisville & Nashville R. R. Co.* v. *Collins*, 2 Duval (Ky.), 114.

*S. W. Sanderson*, for the Respondent, after citing numerous authorities to show that the defendant was not liable said: the rule is the same, notwithstanding the servants may be employed in separate and distinct departments of the general business of the master. (*Gilleshannon* v. *Stony, etc., R. Co.*, 10 Cush. 228; *Foster* v. *Minnesota, etc., R. Co.*, 14 Minn. 360; *Coon* v. *Syracuse, etc., R. Co.*, 5 N. Y.—1 Selden—492; *Cooper* v. *Milwaukee, etc., R. Co.*, 23 Wis. 668; *Hurd* v. *Vermont, etc., R. Co.*, 32 Vt. 473.)

And the rule is the same notwithstanding the servant injured may be the inferior or subordinate of the servant through whose negligence his injuries have been sustained. (*Feltham* v. *England*, Law Rep. 2 Q. B. 33; *Albro* v. *Agawam Canal Co.*, 6 Cush. 75; *Shank* v. *Northern, etc., R. Co.*, 25 Md. 462.)

By the Court, RHODES, J.:

Action for the recovery of damages for injuries caused by the negligence of a fellow-servant. The defendant had judgment on a general demurrer to the complaint.

The complaint avers that the defendant owned and conducted a foundry, at which the plaintiff was employed as a "helper;" that the defendant owned a horse and cart, which were managed by a servant employed for that purpose, and owned a truck-wagon and two horses, which were also managed by a servant of the defendant; that while the plaintiff was at work for the defendant at the foundry, under the order of the defendant's foreman, upon castings which were loaded upon the truck-wagon, the driver of the horse and cart so negligently managed the same that the horse ran against the horses attached to the truck-wagon, and the

driver of the latter so carelessly managed the horses that they ran away with the truck-wagon, and one of its wheels struck the plaintiff, and thereby caused the injury complained of. It was not alleged that there was any negligence on the part of the defendant in selecting the servants by whose fault or negligence the injuries were caused, nor that the servants were in fact incompetent.

The proposition for which the plaintiff contends is that the master is liable for injuries occasioned by the negligence of a fellow-servant while engaged in the same common employment; and while admitting that most of the authorities are against the proposition, he insists that they are not sustainable on principle.

In *Yeomans* v. *Contra Costa S. N. Co.*, 44 Cal. 71, we announced the rule of law on this subject, and referred to many of the authorities by which it is sustained. The cases are very numerous—many of them being cited by the defendant—and they are to the effect that the master is not liable for injuries suffered by a servant, through the negligence of a fellow-servant, unless the master was negligent in the selection of the servant in fault. The early cases in Wisconsin, Indiana, and Ohio, relied upon by the plaintiff as sustaining his view of the law, have since been overruled or disapproved. (*Mosely* v. *Chamberlain*, 18 Wis. 700; *Cooper* v. *Milwaukee, etc., R. R. Co.*, 23 Wis. 668; *Columbus & I. C. R. R. Co.*, v. *Arnold*, 31 Ind. 174; *Whalan* v. *Mad River & L. E. R. R. Co.*, 8 Ohio St. 249.)

*Louisville, etc., R. R. Co.* v. *Collins*, 2 Duval, 114, which is relied upon by the plaintiff, lays down the same general rule, but the Court was of the opinion that the facts in the case brought it within an exception to the rule.

In many of the cases above referred to the question is discussed on principle, and the reasons on which the rule is based are fully stated, and it is sufficient here to state that, in our opinion, they sustain the rule.

There are no facts in this case taking it out of the operation of the general rule laid down in *Yeomans* v. *Contra Costa S. N. Co.*

Judgment affirmed. Remittitur forthwith.