[No. 8682.   In Bank. — December 5, 1885.]

RACHEL P. BROWN, ADMINISTRATRIX, ETC., OF W. C. BROWN, DECEASED, APPELLANT, v. THE CENTRAL PACIFIC RAILROAD COMPANY, RESPONDENT.

PLEADING — NEGLIGENCE — RAILROAD — DEATH OF EMPLOYEE — PRESUMPTION. — In an action against a railroad company to recover damages for negligently causing the death of one of its employees, when the complaint positively alleges that the acts and omissions complained of were by the defendant, it cannot be presumed that they were those of a fellow-employee of the deceased.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court and in the dissenting opinion of Mr. Justice McKee.

*Henry E. Highton*, for Appellant.

*W. H. L. Barnes*, for Respondent.

MYRICK, J.—Action to recover damages for negligently causing the death of plaintiff's intestate. The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff failing to amend, judgment was rendered for defendant. Plaintiff appealed.

The only question presented, therefore, is as to the sufficiency of plaintiff's case as stated in the complaint.

After alleging that defendant was operating the railroad at the point named, viz., the Oakland wharf, over and upon a narrow strip of land and trestle-work, and that it was necessary for some of defendant's locomotives and trains of cars converging at that point to stop and await the passage of other locomotives and trains, in order to avoid accidents by collisions and otherwise, it was alleged that the defendant had devised and prescribed and published a system of signals for the guidance and direction of its engineers (of whom plaintiff's intestate was one) operating and directing said locomotives and trains, which system the engineers were required by defendant to understand and ordered to obey, and it was a part of the contract of employment that the signals should be correctly given; that it was the duty of the defendant to show and present to view the right signal for the guidance of its engineers; yet that the defendant did not show and present to view the right signal for the guidance and direction of said intestate, acting as engineer; that while said intestate in his capacity of engineer on a locomotive of defendant, according to directions given to him by defendant, was proceeding over the said place, the defendant did show and present to view the wrong signal for the guidance and direction of said intestate, whereby, without any negligence, unskillfulness, or default of the said intestate, but solely

and immediately in consequence of the negligence and improper conduct of the defendant, the locomotive was turned aside from the true and safe course, and was precipitated into the waters of San Francisco Bay, and the intestate was killed; that his death was caused solely by the gross neglect and carelessness of the defendant in giving the wrong signal, namely, the signal to proceed, and in failing to notify him or give him any signal, as it ought to have done, that the switch immediately in front of the locomotive was open, thereby inducing and directing him to proceed with the locomotive.

We have not, in the above statement, given the language in full of the complaint, but have given sufficient, in substance, to present the point of law involved.

In our opinion, the question of the responsibility of a common employer for the acts or negligence of another person employed in the same general business (section 1970, Civil Code) is not here presented. The case as presented in the complaint is of alleged acts and omissions on the part of the defendant itself, as employer. (Section 1969, Civil Code.) Whether the proofs will sustain the allegations is not now for consideration. As against positive allegations that the acts and omissions complained of were by the defendant, we cannot presume that they were those of a fellow-employee of the deceased. The demurrer should have been overruled.

Judgment reversed and cause remanded, with directions to overrule the demurrer, with leave to defendant to answer.

THORNTON, J., MORRISON, C. J., and SHARPSTEIN, J., concurred.

McKEE, J., dissenting.— For the reasons given in my opinion heretofore filed in this case, I think the court below properly sustained the demurrer.

Ross, J., dissented.

The following is the opinion of Mr. Justice McKee, above referred to, rendered in Department One on the 24th of June, 1885.

McKee, J.— Upon a general demurrer to the complaint in this case the defendant had judgment, from which the plaintiff has appealed.

The cause of action stated in the complaint is this: In the month of September, 1880, W. C. Brown, an engineer of the Central Pacific Railroad Company, while driving one of its locomotives attached to a train of passenger-cars over and upon a narrow strip of land and trestle-work known as the "Oakland pier," which extended into the San Francisco Bay, and formed part of the company's road from Sacramento to Oakland, was precipitated with the locomotive into the bay and drowned, in consequence of the negligent and improper conduct of the defendant in giving to the engineer the wrong signal; i. e., in giving the signal to go instead of a signal to stop.

In considering the sufficiency of the statement to constitute a cause of action, the court below was bound, as is this court, to presume from the allegations of the complaint that the act of negligence which caused the engineer's death was committed by some one employed by the company, whose duty it was to signal and set switches for its trains, for a railroad corporation can only act by its agents or servants; so that whether the death of the engineer resulted from the negligence of the switch-tender of the corporation, or, as suggested in argument by plaintiff's counsel, from the negligence of the superintendent, or a director, or other agent of the corporation in charge of that duty, he was an employee of the corporation; and as the engineer was also an employee, the corporation was not liable under the code for the death of the engineer resulting from the negligence of the co-employee, unless the employees were not employed in the same general business, or the corporation neglected to use ordinary care in the selection of the culpable employee,

or in providing him with proper machinery for use. (Civ. Code, sec. 1970.)

There is no allegation that the officer, whoever he was, was not properly qualified, competent, and skillful to perform his duty, nor that the instrumentalities furnished by the corporation for the performance of his duty were defective; therefore the corporation performed its duty in that regard, and the single question remains whether the engineer and switch-tender were co-employees in the same general business. We think they were. "The business of a railroad company," says Chief Justice Shaw in *Farwell* v. *Boston and Worcester Railroad Company*, 4 Met. 55, "is to construct and maintain a railroad, and to employ their trains of cars to carry persons and merchandise for hire. . . . . Persons employed by the company are appointed and employed to perform separate duties and services, all tending to the accomplishment of one and the same purpose,—that of the safe and rapid transmission of the trains; and they are paid for their respective services, according to the nature of their respective duties, and the labor and skill required for their proper performance." In that case it was held that the engineer and switch-tender of the company were fellow-employees in the same line of employment.

The rule for determining the question involved is thus formulated by the Supreme Court of Illinois: "Where the facts show that the employees were brought into personal consociation by their ordinary duties, or that at the time of the injury they were co-operating in some particular work; in such cases they must be regarded in law as fellow-servants." (*C. & N. R. R. Co.* v. *Moranda*, 93 Ill. 324.)

Upon the same principle, this court has held that the "helper" at a foundry and the driver of a truck-wagon belonging to the foundry under the same employer, and the superintendent or foreman of a mine and a laborer at the mine, were "fellow-servants" engaged in the same

general business. (*Hogan* v. *Central R. R. Co.*, 49 Cal. 128; *Collier* v. *Steinhart*, 51 Cal. 116; *McLean* v. *Blue Point Gravel Co.*, 51 Cal. 255.) " The term 'fellow-servants' includes all who serve the same master, work under the same control, derive authority and compensation from the same source, and are engaged in the same general business, though it may be in different grades and departments of it." (Wood on Master and Servant, sec. 435; *McLean's Case, supra.*)

But it does not include the servants of an employee in any such grades or departments; as, for instance, if a corporation employs an agent to perform duties of any particular grade, or in any special department, with power to employ, control, and discharge workmen or laborers under him, he is not a "fellow-employee" of those whom he employs, and for injuries to any of them caused by his negligence the corporation is liable. (*Beeson* v. *Green Mountain G. M. Co.*, 57 Cal. 20; *McKune* v. *Southern R. R. Co.*, 67 Cal. 302.) This case does not fall within that exception; the engineer and the switch-tender, although on duty in separate departments, were in the discharge of their duties under the same general employment, and for the negligence of the fellow-servant of the intestate the defendant is not liable. (*Yeomans* v. *Contra Costa County*, 44 Cal. 71; *Hogan* v. *C. P. R. R. Co., supra; Slater* v. *Jewett*, 85 N. Y. 62.) There was no error in sustaining the demurrer to the complaint.

Rehearing denied.