[No. 11533. Department One. — June 30, 1887.]

# W. D. STEPHENS, APPELLANT, *v.* J. S. DOE, RESPONDENT.

NEGLIGENCE — EMPLOYER AND EMPLOYEE — FOREMAN OF MINE — FELLOW-SERVANTS. — The foreman of a mine, and a miner employed to work under his directions, are fellow-servants; and the owner of the mine is not liable for injuries caused to the latter through the negligence of the foreman, unless he failed to use ordinary care in the selection of the foreman.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*Rowell & Rowell*, for Appellant.

*H. C. Rolfe*, and *C. J. Perkins*, for Respondent.

FOOTE, C.—This was an action for the recovery of damages caused, as is alleged, by injuries received by the plaintiff while employed as a miner by the defendant.

The court below, after the evidence for the plaintiff had been introduced before the jury, granted a nonsuit, and from the judgment rendered in the premises this appeal was taken.

From the record it appears that the plaintiff sought employment from the defendant as a miner, and was engaged and put to work as such; that under the orders of the defendant's foreman, the plaintiff set off a blast in a stope, or sort of chamber dug into the earth and rock, and proceeded to inspect the result of the blast in order to discover if any ore had been thrown down thereby, and that while in the act of doing this, rocks which had been loosened at the top of the chamber just alluded to fell upon him, crushing the bones of one of his legs, and otherwise injuring him.

The plaintiff contends that the judgment should be reversed, for the reason, as he alleges, that the carelessness of the defendant was the proximate cause of the injury, and that he, the plaintiff, was not guilty of contributory negligence in obeying the order of the foreman, and approaching the spot where the blast had been set off before sufficient time had elapsed to permit all loose earth and rocks to fall from the place blasted and its vicinity, because, as he claims, he was an inexperienced miner, and did not know and appreciate the

danger into which he ran in acting as he did. But the facts as disclosed in the record go conclusively to show that the injury to the plaintiff happened by reason of the blast being set off, and there is no evidence of any carelessness on the part of the defendant prior to that time, which contributed to the plaintiff's injuries. If there was any carelessness, it was by the foreman, who ordered him to inspect the place where the blast had occurred, and the plaintiff who incautiously approached it. But under our statute (Civ. Code, sec. 1970), as interpreted by this court, the defendant would not be responsible for the careless acts of a person such as the foreman, who was employed in the same general business with the plaintiff, unless the defendant is shown to have neglected to use ordinary care in the selection of the foreman. (*McLean* v. *Blue Point Gravel M. Co.*, 51 Cal. 257.)

There is nothing in the record which tends to show that the defendant was guilty of any such negligence, and therefore he is not responsible for the injuries which the plaintiff received, even if not appreciating the danger, the latter nevertheless obeyed the foreman's instructions.

For these reasons, we are of opinion that the judgment of the court below should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.