### GATES v. CHICAGO, M. & ST. P. RY. CO.

1. A railroad company having erected on its right of way a derrick which, under certain conditions, was dangerous, it was its duty to see that it was properly taken care of, and for any injury directly resulting from such derrick being negligently left in condition to cause damage, the company is primarily or presumptively liable.

2. While, as between itself and an employe, the company might avoid liability by showing that it had placed such derrick under the charge of a competent person, who was a fellow servant of the person injured, and whose negligence caused the injury, it was not incumbent on the plaintiff to show affirmatively that it had not done so, in order to make a case of negligence against the company.

3. The fact that, upon its completion, the mechanic who constructed such derrick for the company, and whose authority or relation to the company is not further shown, called out the station agent, and explained to him and others who were expected to use the same the manner of its working, and of fastening it when not in use, is not conclusive upon the jury that the derrick was thus placed by the company under the care of such station agent.

4. It will not be presumed as a matter of law that the station agent, by virtue of his relation to the company, was charged with the duty of seeing that such unusual and extraordinary appliance as this was shown to be was kept in safe and proper condition.

(Syllabus by the Court. Opinion filed Dec. 20, 1893.)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

This case was first decided by this court in an opinion

found in 2 S. D. 422, (50 N. W. 907.) In that opinion the judgment of the lower court in favor of the plaintiff was affirmed. This opinion is upon a rehearing granted upon petition of the appellant and affirms the former decision.

*J. H. Perry, (H. H. Field of counsel,)* for appellant. .
*Taubman & Potter*, for respondent.

KELLAM, J.   This case was decided at a former term, and appears in 2 S. D. 422, 50 N. W. 907.   Upon petition of appellant, a rehearing was allowed, and it is now before us upon such reargument.   The action was to recover for personal injury to respondent, a brakeman in the employ of appellant, the facts being fully stated in the former opinion. Appellant insists that the record   shows   the injury resulted from the negligence of the station agent, a coemploye with respondent, and not from the negligence of the appellant.   The company having erected upon its right of way the derrick by which the injury was caused, it was charged with the general duty of seeing that it was properly taken care of and used, and properly secured, to avoid injury to others when not in use.   Its duty in this respect, to the extent of avoiding liability in this case, under our statute, would probably be met by placing and keeping the same under the care of a competent person, with proper instructions as to his duty.   Appellant contends that, as it will be presumed that the defendant had done its whole duty in the premises, it will be presumed, until the contrary appears, that it had placed the derrick under the charge of a competent person, properly instructed; so that the carelessness, if any, in allowing the arm of the derrick to swing round, and the chain and hook to hang down in dangerous nearness to the train upon which the plaintiff was at work, was the negligence of plaintiff's fellow servant, and not the negligence of the company.   We think the foundation and the occasion for such presumption are lacking here.   The railroad company had erected on its right of way, and for use in connection with its railroad,

this derrick, which proved to be a dangerous appliance. It was the duty of the respondent company to take care of it, and see that it offered no obstruction to a passing train, and for any injury directly resulting from its being negligently left in con-dition to cause damage, the company was primarily or pre-sumptively liable. As between itself and an employe, it might avoid liability by showing that it had placed the derrick under the charge of a competent person, who was a fellow servant of the person injured, and whose negligence caused the injury.

Appellant contends that it devolved upon plaintiff in the first instance, and as a part of his case, to show that defendant had not done this, and that, until he had so shown, he had made no case of negligence against the company. We do not think so. The evidence showed a clear case of negligence in allowing the derrick to be in a dangerous situation with refer-ence to a passing train. It was the company's derrick, and it was the company's duty to take care of it. The want of such care constituted the negligence which caused the injury. It was presumptively the negligence of the company. Suppose the accident and injury to this plaintiff had been caused by a defective bridge; must he be required, to entitle him to recover, to show, not only the defective and unsafe condition of the bridge as the cause of the accident, but to go further, and show that the company had neglected to put the bridge in charge of a competent person, and thus show the particular negligence of the company in that respect? The presumption would be no stronger that the company had done its duty in placing a competent man in charge of the derrick than it would be that it had done so in the case of the bridge. No doubt, in either case it could repel the charge of actionable negligence on its part, by showing that what appeared to be its negligence was really the negligence of a fellow servant of the plaintiff. Whether any or what precautions had been taken by the company to pro-tect its servant against injury by this derrick was peculiarly within its own knowledge, and it was knowledge which the ser-

vant could not in many cases easily obtain. If there had been 50 employes of the company at this station, must the plaintiff have proved by competent evidence that no one of these had charge of this derrick? Or suppose all the facts of this case to be as they are, except that the employer is an individual, instead of a corporation, so that he might take personal care of this derrick, or at his option commit it to the care of a servant; what would the plaintiff be required to prove in order to entitle him to recover? Must he go beyond showing the dangerous condition of the derrick, and the directly resulting injury, and prove that there was no competent person in charge of the same, in order to meet and answer the presumption that the defendant had performed his duty in that respect? Must it not rather rest with the defendant to show that it had done so, in order to meet the prima facie case of negligence made against him by the fact and the circumstances of the injury? Is it defensive in character in the case of an individual master, and otherwise in case of a corporation master? The defendant company owed to its servant, the plaintiff, the duty of keeping its track clear from¦ dangerous overhanging obstructions. The complaint charged directly that it negligently failed to do it. The evidence shows that it was not done. Neither the complaint nor the evidence seeks to show any neglected duty upon the part of any employe. We think the complaint states and the evidence proves a prima facie case of negligence against the company.

Appellant, however, further contends that the record does show that this derrick was under the care of another servant of the company, presumably competent and properly instructed, to-wit, the station agent. Appellant says: "It appears that the person who erected the derrick did instruct the agent in regard to the use of the chain, and the fastening of it by means of a pin. * * * It further appears that the agent did occasionally fasten it when the derrick was so out of place. * * * We, therefore, say that it does appear that the derrick had been

placed in charge of the agent, and he had been properly in-structed in regard to fastening it." It does appear both from the evidence of the mechanic who constructed the derrick and the station agent that, after the derrick was completed, the me-chanic called the agent out, and instructed him in regard to using it and fastening it by means of the iron pin. The agent testifies: "He instructed me principally how to manage the chain, and to fasten it." The same witness testifies that the derrick was designed to be used principally by shippers, and that he also gave the same or even more particular instruction to at least one of the principal shippers at that point. It does not expressly appear, nor can it be reasonably inferred from his position in relation to the company, that he was authorized to impose any new duty upon the station agent. We think the evidence rather conveys the thought that the instruction was in the nature of information as to how the machine was to be operated and managed. It is evident from the testimony that it was an unusual appliance. Comparatively few stations had them, and it was natural and probably necessary that informa-tion should be left with somebody as to how it was to be worked and used and left, and, in the exercise of good judgment, we think the mechanic explained the same both to the station agent and to the principal shipper. We think it would be an unjust-ifiable use of this evidence to give it the effect claimed for it by appellant, and to hold that the act of the mechanic in explain-ing to the agent, in company with others, the manner of operat-ing and using the new and unusual appliance, was the act of the defendant company, designed to commit to and make the agent responsible for its care, and for keeping the same in safe and proper condition, and thus, in respect to other employes, exempt the company from liability.

But appellant goes further, and insists that, even without this or any evidence upon this particular question, the station agent must be presumed to be in charge of all the company's property at the station, and, in support of this claim, cites

Brown v. Railway Co., 31 Minn. 553, 18 N. W. 834. What the court said in that case was in reference to the tracks of the company at and about the station. It says: ''This is a reasonable presumption of fact, founded upon the ordinary course of business, the common understanding of the public, and the natures and necessities of the case.'' Because this is a reasonable presumption with reference to tracks and side tracks, which are a universal and necessary part and parcel of every station, known to the public, as the court assumes, to be under the charge of the local agent, it does not follow that the same presumption would be justified or made reasonable by the common understanding of the public when applied to an unusual and extraordinary erection. Suppose this had been a grain elevator, erected by the company for the purpose of loading and unloading cars; would the presumption still be a reasonable one that the station agent was charged with the duty of seeing that it was kept in safe and proper condition? In the Minnesota case the court, in effect, said it was not necessary to expressly prove that the tracks at the station were under the charge of the agent (though the record shows the case was proved by the introduction of the rules of the company), for that may be presumed by the jury in accordance with the common understanding of the public; but we doubt if a jury would be allowed to presume, upon the basis either of the necessities of the case or the common understanding of the public, that the agent was charged with the care and responsibility for the condition of all the company's property and appliances at the station. While it may be a fact and susceptible of direct proof, that the agent ordinarily has charge of the tool house and appliances for keeping the track under his charge in proper condition, we think a trial court would be slow to instruct a jury that they might so presume. But even if the presumption were an allowable one, upon the facts in this case it was a weak one. The evidence to satisfactorily prove the fact asked to be presumed, if such fact existed, was in possession of the defendant

company, and presumably not within easy reach of the plaintiff.
It is a maxim of the law that all evidence is to be weighed ac-
cording to the proof which it was in the power of one side to have
produced and in the power of the other to have contradicted.
The defendant having deliberately withheld evidence peculiarly
within its reach and under its control, if such evidence existed,
is not in position to complain that the trial court declined to
substitute for it a weak and doubtful presumption. We see no
good reason for modifying our former opinion.