Carroll vs. The Chicago, Burlington & Northern R. Co.

as to protect the defendant's interest, and secure payment to her of the entire amount unpaid, less the amount retained by the bank in payment of defendant's note.

*By the Court.*— Those portions of the judgment of the circuit court above alluded to are reversed, and the balance of the judgment is affirmed, and the cause is remanded with directions to enter judgment for the defendant in accordance with this opinion.

CARROLL, Respondent, vs. THE CHICAGO, BURLINGTON & NORTHERN RAILROAD COMPANY, Appellant.

*April 12 — May 3, 1898.*

*Negligence: Fellow-servants: Practice, question for special finding.*

1. Where the evidence showed that the window in defendant's office, where employees were usually paid, and the catch for fastening it, were in perfect condition, so that the window could not fall if the catch was properly fastened, and that when such window had been raised by the defendant's servant, that he might receive a check presented by the plaintiff, it fell upon and injured the plaintiff's hand resting on the window ledge, a presumption of negligence arises from the very happening of such accident.

2. Where, in such a case, the plaintiff, was not in the employ of the defendant, but was present for the purpose of obtaining the pay of an employee who had quit its service some time before, he cannot be deemed a co-employee with the servant who raised the window.

3. It is not essential, under the provision of sec. 2858, R. S. 1878, authorizing the court to direct the jury to find upon any particular question of fact, that the question submitted should cover all the issues in the case.

APPEAL from a judgment of the circuit court for Crawford county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

This was an action for personal injuries sustained by the plaintiff while presenting an order for a pay check in favor

of one William Malloy, a former employee of the defendant, at the window of the pay office of the defendant at La Crosse, Wisconsin. The facts shown upon the trial were, in brief, as follows:

On the 16th of April, 1895, the plaintiff went to the pay office to get the pay check of his son-in-law, Malloy, who had formerly worked for the defendant, but had quit previous to this time. It was pay day, and all the men who were to be paid stood in line outside of the pay office; and the window was raised by one Dolson, the clerk in the office, and the men advanced to the window one by one. The window was opened by Dolson, and the men received their checks as their names were called. The window was an ordinary two-light sash, and was provided with a catch inside, which, when set, held it up. When Malloy's name was called, the plaintiff asked for Malloy's pay check, and was told by Dolson that he would have to have an order before he could get it. The plaintiff then went away, and obtained an order from Malloy, and when he returned the men were all gone from the window, and it was shut. The plaintiff came up to the window, and attracted the attention of Dolson, and Dolson opened the window about a foot, and attempted to fasten it with a catch; and the plaintiff passed in the order, and Dolson took it out of his hand. The plaintiff's hand rested upon the window ledge, which was about four and a half feet from the ground. Dolson turned towards the table in the office where the paymaster was sitting; and the window suddenly fell, striking one of the fingers of the plaintiff's right hand, and injuring it so that amputation was necessary. It was shown that the window was in good condition, and that the catch was in perfect order, and that the window had never fallen either before or since the accident.

At the close of the testimony the defendant moved that a verdict be directed for the defendant on the ground that

Carroll vs. The Chicago, Burlington & Northern R. Co.

no negligence had been shown, and that the plaintiff was a mere licensee, or, if not, that he stood in the place of a fellow-servant with Dolson. This motion was overruled, and exceptions taken; and the court, of its own motion, submitted certain questions to the jury, which questions and their answers are as follows: "First. Did Dolson, at the time he raised the window to receive the order from the plaintiff, fasten the window with the usual window fastening? A. No. Second. If you answer the last question 'Yes,' you need answer no other question; but, if you answer it 'No,' then answer this question: Was the failure of Dolson to fasten the window the proximate and efficient cause of the window's falling upon the finger of the plaintiff? A. Yes. Third. As a reasonable man, ought Dolson to have anticipated that a natural, reasonable, and probable consequence of his failing to fasten the window would be an injury to the plaintiff? A. Yes. Fourth. Did any want of ordinary care upon the part of the plaintiff contribute to cause the injury to his finger? A. No. Fifth. If the court should determine that the plaintiff is entitled to judgment, at what sum do you assess the damages he is entitled to recover? A. Amount, four hundred dollars ($400)." A general verdict was also rendered by the jury, in addition to the special questions, by which they found for the plaintiff, and assessed his damages at $400.

From judgment for the plaintiff, upon this verdict, the defendant appeals.

For the appellant there were briefs signed by *Losey & Woodward*, attorneys, and *Andrew Lees*, of counsel, and oral argument by *G. M. Woodward*. They argued that in this case negligence could not be found from the mere fact that the accident occurred and the inference that it could not have occurred without carelessness on the part of defendant's servant in failing to set the catch. It differs from the

case of *Cummings v. Nat. Furnace Co.* 60 Wis. 603, in that there was evidence that such servant did set the catch. There was no testimony to show that he could reasonably have anticipated the accident. Plaintiff was acting in behalf of and as a substitute for one who was a co-employee of defendant's servant, and was himself therefore to be deemed such co-employee. *Johnson v. Ashland Water Co.* 71 Wis. 553; *Anderson v. Guineau,* 9 Wash. 304; *Osborne v. K. & L. R. Co.* 68 Me. 49; *Degg v. Midland R. Co.* 1 Hurl. & N. 773; *Wischam v. Rickards,* 136 Pa. St. 109.

For the respondent there was a brief by *F. E. Withrow,* attorney, and *Doherty & Baldwin,* of counsel, and oral argument by *F. E. Withrow* and *John F. Doherty.*

WINSLOW, J. The defendant's contention is that there is no evidence in the case showing negligence, and that the accident was not one from the happening of which, alone, negligence can be inferred. The evidence shows beyond dispute that the plaintiff came rightfully to the window to present the order for Malloy's pay, pursuant to an express invitation by the defendant's employee Dolson, and in accordance with the custom established by the defendant, of paying off its employees through this open window. It certainly would be very natural for persons advancing to the window for such purpose to reach their hands partially through the open window, or rest them upon the ledge, and the testimony showed that such acts were frequent and customary. Under such circumstances, the verdict of the jury, to the effect that such an injury as happened to the plaintiff ought reasonably to have been anticipated, is based upon sufficient testimony. The evidence also showed without contradiction that the window and the catch were both in perfect condition, and that the window had never been known to fall before or since, and would not fall if the catch were

Carroll vs. The Chicago, Burlington & Northern R. Co.

properly set. These facts clearly show that the fall of the window must have resulted from Dolson's failure to set the catch, and makes the accident one where a presumption of negligence is raised from the mere fact of the happening of the accident itself. The evidence being conclusive that the window and the catch were in good order, it follows that the negligence so presumed must have been in the failure to properly set the catch. *Cummings v. National Furnace Co.* 60 Wis. 603. Quoting from a sentence approved in that case: " When the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care." It is true that the agent, Dolson, testified that he set the catch, but we do not regard this testimony as conclusive upon the jury upon this question. The answers to the special questions are therefore supported by sufficient evidence.

There is a further claim made that *Carroll* must be considered a co-employee of Dolson. The evidence shows, however, that the plaintiff was not in the employ of the defendant, and that Malloy had at some previous time been an employee, but had quit prior to the time of this accident; so this claim necessarily falls to the ground.

It was suggested that the answers to the special questions do not find negligence, but only that Dolson did not fasten the window, and that the failure to fasten the window is not necessarily negligence. This was not a special verdict, but the court of its own motion submitted to the jury certain particular questions of fact in addition to the general verdict. R. S. 1878, sec. 2858. In such case there is no requirement that the special questions submitted shall cover all the issues in the case. There being a general verdict, it necessarily covers all the issues, and there are no exceptions to

the charge, and no additional instructions were asked by the defendant.

In any view which we have been able to take of the case, we have been unable to find any error.

*By the Court.*— Judgment affirmed.