SCHULTZ, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL
RAILWAY COMPANY, Respondent.

*November 12—November 28, 1902.*

*Railways: Master and servant: Injuries to employee: Negligence:
Assumption of risk: Co-employee.*

Plaintiff was injured while assisting in unloading a car loaded
with lumber. The lumber consisted of a tier of planks along
each side of the car, between which lumber of various sizes had
been thrown in. The tiers of planks were retained by stakes
fitted into sockets along the outer edges of the car. The car was
tilted so that one side was lower than the other. While the car
was being unloaded, one of the gang of laborers in which plaint-
iff was working, and in his presence, knocked out the stakes on
the lower side of the car, lumber was pushed out over the tier
of plank on that side, and a few minutes after the piles on that
side fell on plaintiff. *Held,* that a nonsuit was proper, since, if
the pile fell from the mere action of physical forces, the condi-
tions were obvious, and assumed by plaintiff, and if from the
removal of the stakes, or from pushing lumber over an unsup-
ported pile, the negligence was that of a fellow servant.

APPEAL from a judgment of the superior court of Milwau-
kee county: J. C. LUDWIG, Judge. *Affirmed.*

Action to recover for personal injuries by reason of the
fall of certain lumber from a car which plaintiff, a common
laborer, was assisting to unload, on May 13, 1899. The car
was an ordinary flat car, having upon its floor a number of
nails or spikes, described as "sidewalk spikes," driven in so
that the heads were still from an inch to an inch and a half
above the floor of the car, some of them being lower by reason
of being bent over. There was no evidence of the ownership
of the car, or by whom loaded. On this car was a quantity
of lumber, of which a tier or course of planks between two
and three feet high was laid evenly and level along each
side of the car, and restrained by upright stakes fitting into
sockets along the outer edges. The middle of the car be-

tween these two courses or tiers was filled with indiscriminate lumber thrown in helter-skelter. This condition was obvious from either end of the car. The car was stationed upon a curve, with the ends approximately north and south, and the east side lower than the west. The gang of six men of which plaintiff was one proceeded to unload the car, and, after removing a small quantity of lumber, one of them, in plaintiff's sight, knocked out of place the upright stakes which served to retain the lumber. Plaintiff approached the east side of the car to put in place some skids on which to slide the lumber off, and as he did so the pile of planks on that side tipped over and fell onto him. That pile is described as consisting, first, of a 3x4 set edgeways, and then two 11-inch planks. These planks, as they were piled and lay on the car, were level. None of the witnesses did or, indeed, could testify to any immediate cause for the planks falling over; simply, having been in place at one moment, at another they fell, some five or six minutes after the stakes had been taken out, and after several pieces of lumber had been unloaded over that side. The negligence alleged in the complaint was, first, the presence of the spikes in the floor of the car, and that through negligence of the defendant the lumber was stacked, piled, and loaded so unskillfully and unsafely that by reason thereof and of the said defect in said car the lumber rolled down upon the plaintiff. At the close of plaintiff's evidence the court granted a motion for nonsuit on the ground that the cause of the fall of the lumber was mere matter of conjecture, and that there was no evidence to establish that it was caused by the alleged negligence of the defendant. From judgment thereon plaintiff appeals.

For the appellant there was a brief by *Max W. Nohl*, attorney, and *Ernest Bruncken*, of counsel, and a reply brief signed by *Max W. Nohl*, and oral argument by *Mr. Nohl*.

*C. H. Van Alstine*, of counsel, for the respondent.

DODGE, J.   Plaintiff contends that the fall of the lumber must be ascribed to the presence of the spikes in the bottom of the car; also to the manner in which the lumber was laden upon the car, namely, the promiscuous dumping of indiscriminate lumber loosely between the two tiers lying along the sides; and invokes the rule of *res ipsa loquitur,* declared in this court in *Cummings v. Nat. Furnace Co.* 60 Wis. 603, 18 N. W. 742, 20 N. W. 665; *Stacy v. Milwaukee, L. S. & W. R. Co.* 85 Wis. 225, 54 N. W. 779, and *Carroll v. Chicago, B. & N. R. Co.* 99 Wis. 399, 75 N. W. 176. The principle of those cases is that, where the accident could not well happen unless either the apparatus be defective or be negligently managed, then the accident itself is evidence of one or the other of these causes; and, if defendant be responsible for both condition and management of the apparatus, the accident alone tends to establish defendant's liability, and justifies a verdict.   The antithesis to this rule was laid down in *Musbach v. Wis. Chair Co.* 108 Wis. 57, 84 N. W. 36, where the accident might have been due either to a defect in the apparatus, for which defendant would be liable, or to negligence of co-servant, for which he would not. It was there said (108 Wis. 67, 84 N. W. 39):

"With these two possible causes to account for the explosion, the burden of proof, of course, rested on the plaintiff to prove the one for which the defendant would be liable."

In the case before us we have nothing proved but the fact that the lumber fell. It appears that there were spikes, which might or might not tilt the tier of lumber on the east side of the car so as to render it insecure.   There is no proof that they did so.   Indeed, so far as the evidence goes, it tends the other way, for the only witness on the subject declares that the planks composing this tier were level.   Besides this possible cause, there appears, however, the fact that the tier of lumber about two and a half feet high on the lower edge of

a tipping car was subject to outward pressure from the lumber thrown behind and against it; that the loaders of the car had taken precautions against this outward tendency by confining the lumber by upright stakes along the car edge, and that such safeguarding stakes had just been removed in plaintiff's presence, and by his fellow servant; also that certain lumber had already been passed over this exterior tier, with probable tendency to start an outward movement. Here are at least three possible causes for the fall of this lumber other than the mere presence of spikes in the car floor: First, the obvious tendency of physical forces; second, the possibly negligent removal of the stakes, which obstructed such forces; and, third, the possibly negligent act of pushing pieces of lumber over this unsupported wall. For neither of these three could defendant have been liable to plaintiff. Not the first, because all the conditions were open and obvious, and as easily discoverable by plaintiff as by any of defendant's agents; so that, if they constituted a peril to members of the unloading crew, the plaintiff assumed the risk thereof. Not the second or third, because any negligence therein was that of fellow servants. As was pointed out in the *Musbach Case,* it is not enough that plaintiff show that there are several causes, one as probable as another, to warrant the court in submitting to the jury a choice between them. If there is a reasonable possibility that the accident may have been due to a cause other than the alleged negligence of the defendant, it becomes the duty of the court to take the question from the jury, unless there is some evidence other than the mere happening of the accident to establish the efficacy of such negligence. Of that we can find nothing in the present case, and must conclude that the trial court properly performed its duty in declining to submit to the conjecture of the jury which of the several possible causes was the actual one.

*By the Court.*—Judgment affirmed.