HARDESTY, RESPONDENT, *v.* LARGEY LUMBER COMPANY, APPELLANT.

(No. 2,246.)

(Submitted April 5, 1906.   Decided April 30, 1906.)

*Master and Servant—Personal Injuries—Res Ipsa Loquitur—Safe Place to Work—Instructions—Statutory Construction—Nonsuit.*

Master and Servant—Personal Injuries—Nonsuit—Negligence—*Res Ipsa Loquitur.*
1.   Where, in an action for personal injuries, the evidence introduced by plaintiff tended to prove that while he was employed as a carpenter in the erection of a building, the master, through its vice-principal, not only had actual charge and control of the piling of certain lumber, through the falling of which plaintiff was injured, but actually directed the manner in which it should be piled and gave directions that particular pains in doing so should not be exercised; that cross-strips or ties should not be employed; that plaintiff was directed by the vice-principal to the very place where he was injured, and where it was self-evident that if properly piled the lumber would not have fallen of its own accord, the doctrine of *res ipsa loquitur* is applicable, so that a *prima facie* case of negligence on the part of defendant was made out, and a motion for nonsuit was therefore properly refused.
Same—Negligence—Burden of Proof—Presumptions.
2.   While the general rule of law is that negligence is not inferable from the mere occurrence of an accident, yet where the thing which

causes the injury is shown to be under the management and control of defendant and that the accident is of such a nature as to make it apparent that, but for the failure of those in control to use proper care, it would not have happened, proof of the accident raises a presumption of defendant's negligence and casts upon him the burden of showing that ordinary care was exercised.

Same—Vice-principal—Assumption of Risk—Question for Jury.
3. The question whether the danger from a pile of lumber, by the falling of which plaintiff was injured, was obvious and apparent to him, or equally as apparent to him as to defendant's vice-principal,. under whose direction the lumber had been piled and who had directed plaintiff to work at the very place where the accident occurred, by reason of which knowledge plaintiff will be deemed to have assumed the risk incident to his employment, was one for the jury to determine.

Same—Vice-principal—Fellow-servants.
4. *Held*, under *Allen* v. *Bell*, 32 Mont. 69, 79 Pac. 582, that one who had actual charge and control of the piling of lumber used in the construction of a building for defendant company, and directed the piling to be done in a certain manner, and later ordered plaintiff,. who was injured by the falling of such lumber, to work at the place where the accident occurred, was defendant's vice-principal and not a fellow-servant of plaintiff.

Same—Safe Place to Work—When Doctrine not Applicable.
5. The doctrine that, where a servant is creating a place in which to work, the master will not be liable if the former is injured while making such place, is not applicable where plaintiff, a carpenter, was. directed to work in a particular place outside of a building in course of construction, and who while executing such order was injured by the falling of improperly piled lumber.

Trial—Instructions—Request to Make More Definite—Appeal.
6. Where appellant failed to request that an instruction be given setting forth fully the issues to be determined in a personal injury case, he may not complain of one which defined them in very general terms.

Trial—Instructions—Commenting on Evidence—Appeal.
7. An instruction commenting on the evidence was properly refused..

ON REHEARING.
Statutory Construction.
8. The arrangement of the Codes into Divisions, Parts, Titles, Chapters, Articles and Sections is one of the instrumentalities by which the Codes may be construed, and the particular title of each of these subdivisions may be considered in determining the meaning of such subdivisions.

Statutory Construction.
9. All sections of a Code upon the same subject matter must be taken as one law and construed together.

Master and Servant—Personal Injuries—Statutes—Instructions.
10. *Held*, that sections 2660, 2661, and 2662 of the Civil Code, each of which refers to the "Obligations of the Employer"—the title of the Article comprising the sections—are directly applicable to cases arising between master and servant on account of personal injuries. sustained by the latter in the course of his employment; and that instructions given in such an action embodying these sections were properly submitted.

*Appeal from District Court, Silver Bow County; J. B. Mc-Clernan, Judge.*

ACTION by John M. Hardesty against the Largey Lumber Company. Judgment for plaintiff. Defendant appeals from the judgment and an order denying it a new trial. Affirmed.

*Messrs. McBride & McBride,* for Appellant.

It was not the duty of defendant to use reasonable care to provide plaintiff with a safe place to work, where the prosecution of the work itself, the construction of the mill, made the place, and created its attending dangers. (*Davis* v. *Trade Dollar C. M. Co.,* 117 Fed. 122, 54 C. C. A. 636; *Shaw* v. *New Year Gold M. Co.,* 31 Mont. 138, 77 Pac. 515; *O'Connell* v. *Clark,* 22 App. Div. 466, 48 N. Y. Supp. 74-76; *Hough* v. *Railway Co.,* 100 U. S. 213, 25 L. Ed. 612; *Randall* v. *Baltimore etc. R. R. Co.,* 109 U. S. 478, 3 Sup. Ct. 322, 27 L. Ed. 1003.)

Plaintiff, by reason of his employment as a carpenter in the construction of plaintiff's mill, assumed the risks incident to dangers attending the temporary piling of plank, and other lumber intended for use in the construction of said mill. (*Crown* v. *Orr,* 140 N. Y. 450, 35 N. E. 648; Dresser on Employers' Liability, 433-437; Labatt on Master and Servant, 645; *Kohn* v. *McNulta,* 147 U. S. 238, 241, 13 Sup. Ct. 298, 37 L. Ed. 150; *Hull* v. *Northern Pac. Ry. Co.,* 136 Fed. 153, 156.)

If the method of piling lumber adopted by the defendant, Largey Lumber Company, for use in the construction of its planing-mill was the customary and usual method of piling lumber for immediate use in buildings and constructions in course of erection, then it makes no difference whether or not it would have been safer if the piles of lumber had been stripped. (1 Labatt on Master and Servant, 85, and cases cited.)

The burden rests upon plaintiff to prove that the defendant was negligent, and that such negligence was the proximate cause of the injury. Negligence is not presumed, but must be proved. (6 Thompson on Negligence, par. 7695, and cases cited.) If the

evidence on behalf of plaintiff shows the injury to have been directly caused (either in whole or in part) by his act, the burden is immediately upon him to prove that he was exercising ordinary care at the time. (*Nelson* v. *City of Helena,* 16 Mont. 21, 39 Pac. 905; *Cummings* v. *Helena etc. Co.,* 26 Mont. 434, 442, 68 Pac. 852.) If the evidence on plaintiff's behalf establishes beyond question that his own omission to use ordinary care contributed to or itself caused the injury, the court should, on motion, direct a verdict, or grant a nonsuit. (*Cummings* v. *Helena etc. Co., supra.*) The mere fact that the accident happened, and that the injury occurred to plaintiff, raises no presumption whatever of any negligence on the part of the defendant. (*Patton* v. *Texas etc. Ry. Co.,* 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361.) Sections 2660, 2661 and 2662 of the Civil Code, substantially given at the request of plaintiff in instructions 3 and 4, are misleading, and given without comment or explanation are erroneous and prejudicial to the rights of the party defendant. The court, in effect, in these two instructions, eliminated from the consideration of the jury any negligence or carelessness on the part of the plaintiff himself. Under these instructions, if the servant in any manner in the course of his employment suffers any loss or damage, even though such loss or damage be the direct result of his own carelessness and negligence, yet the jury are bound to find a verdict for the plaintiff. The instructions are further erroneous for the reason that thereby the court suggests to the jury that in some manner or by some means the employer in the case at bar gave to the servant an unlawful instruction or direction; and that the defendant in this case has been in some manner a violator of the law. The language of the Code is not always a safe and sure means of conveying thought, or of stating the law to a juror. (*State* v. *Shafer,* 26 Mont. 11, 66 Pac. 463; *State* v. *Felker,* 27 Mont. 451, 71 Pac. 668.)

*Messrs. Mackel & Meyer,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for personal injuries. The plaintiff had judgment in the district court, and the defendant appeals from the judgment, and from an order denying its motion for a new trial.

The plaintiff was a carpenter employed by the defendant about the construction of a planing-mill in Butte. The defendant had caused large quantities of lumber to be brought from its lumber-yard for use in constructing the building. This lumber had been placed in piles near the building being constructed. The negligence is charged as follows: "That on or about the nineteenth day of November, 1901, in depositing lumber for said construction work, the defendant, in negligent disregard of its duty, through its agents, servants and employees, piled a large quantity of heavy timbers, 2″x10″x20′ in size, in so negligent a manner that the pieces in the outside tier or pile of said timbers were laid in one continuous vertical course, one piece upon and above another, to a great height, to wit, the height of about six feet, and said outside tier or pile was in no way tied or bound to the remainder of the said pile, nor in any manner braced or supported to prevent the same from falling, but the same was so negligently piled that it was in such a condition of unstable equilibrium that it required but slight force to overthrow and to cause said outside tier or pile to fall away from the remainder of said pile."

"That defendant knew, or in the exercise of due diligence would have known, of the dangerous condition of said pile, but in negligent disregard of its duty in the premises, it permitted said pile to be and remain in said dangerous and unstable condition, until the twentieth day of November, 1901, when plaintiff, in the course of his said employment, was ordered by said foreman to carry to said mill certain lumber from another pile adjoining the pile last above described, and distant therefrom about four feet; that at said time plaintiff was ignorant of the dangerous, unstable and top-heavy condition of said outside

tier, and of the fact that the same was in no way bound or tied to the remainder of the pile of which it was a part, and while plaintiff was so engaged in carrying lumber from said adjoining pile, and was ignorant of danger as above stated, the said outside tier, without warning to plaintiff and without his fault, toppled over and fell upon plaintiff, and broke and crushed the bones of his leg, ankle and foot, thereby causing plaintiff great physical pain and suffering and permanent injury.'' The answer denies any negligence on defendant's part, and pleads contributory negligence, negligence of a fellow-servant, and assumption of risk as defenses.

Upon the trial plaintiff offered evidence tending to prove that one Price was vice-principal of defendant in charge of the work of constructing the planing-mill; that plaintiff was injured while obeying specific instructions received from Price; that there were not any cross-strips or ties used in piling the lumber which fell; that it fell without fault of plaintiff; also evidence showing the particular circumstances attending the accident and the extent of plaintiff's injury. Plaintiff then offered the evidence of certain lumber handlers engaged by the defendant at the time of the injury as follows:

Hoover: ''If we have a large order, where we have to pile it up high, we use strips, cross-strips, and that binds the whole pile so it won't fall down. * * * There was none of that lumber piled with strips between it. We were told once not to take too much time. Mr. Price told us that. * * * I would put strips on a big load going out. I had to put strips on to bind it. When I had a big pile I put strips on, one on top and one on the bottom. On the small piles I would put on enough to be safe of the strips. * * * The order that Mr. Price gave me was not to take any pains in the piling of it. * * * I believe we put strips on lumber that I hauled to the planing-mill on the first couple of loads that we hauled in there, and continued until Mr. Price came around there and told us not to.''

Apperson: ''He [Price] told Mr. Raymond and I together to pile the lumber off, any way to get it off. It was not going to

stay there forever.   We started to use strips and he stopped us. I did not notice this pile in particular.   *   *   *   When we delivered at other places we stripped it but for Price we never did. If a pile was four feet high we would put in a strip.''

Plaintiff then rested.   Defendant moved for a nonsuit on the following, among other grounds: ''For the further reason that it has not been shown, by evidence of any kind or character, that the defendant Largey Lumber Company was at any time guilty of any negligence of any kind or character.''   This motion was overruled, and defendant introduced evidence in its behalf tending to show that it exercised reasonable care in piling the lumber.

It may be conceded that, unaided by any presumption, the evidence offered by plaintiff is insufficient to charge the defendant with negligence.   But counsel for respondent invoke the doctrine of the maxim ''Res ipsa loquitur,'' and insist that this case as made by the plaintiff presents an  instance wherein the presumption of defendant's negligence arises from the proof of the accident.   Of course, the general rule of law is that negligence is not inferable from the mere occurrence of the accident; but to this rule is the well-understood exception  that, where the thing which causes the injury is shown to be under the management and control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have such management and control use proper care, it affords reasonable evidence, in the absence of  explanation by the defendants, that the accident arose from the want of ordinary care by the defendant.   (1 Shearman & Redfield on Negligence, sec. 59.)   Under such circumstances proof of the happening of the event raises a presumption of the defendant's negligence, and casts upon the defendant the burden of showing that ordinary care was exercised.   This rule has been invoked in numerous similar cases.   (2 Labatt on Master and Servant, sec. 834; *Solarz* v. *Manhattan Ry. Co.,* 8 Misc. Rep. 656, 29 N. Y. Supp. 1123; *Green* v. *Banta,* 48 N. Y. Super. Ct. 156, affirmed on appeal, 97 N. Y. 627; *Guldseth* v. *Carlin,* 19 App. Div. 588,

46 N. Y. Supp. 357; *Stewart* v. *Ferguson,* 164 N. Y. 553, 58 N. E. 662; *Sackewitz* v. *American Biscuit Mfg. Co.,* 78 Mo. App. 144; *Mulcairns* v. *Janesville,* 67 Wis. 24, 29 N. W. 565; *Armour* v. *Golkowska,* 95 Ill. App. 492; *Carroll* v. *Chicago etc. Ry. Co.,* 99 Wis. 399, 67 Am. St. Rep. 872, 75 N. W. 176; *Winkelmann & Brown Drug Co.* v. *Colladay,* 88 Md. 78, 40 Atl. 1078; *Westland* v. *Gold Coin M. Co.,* 101 Fed. 59, 41 C. C. A. 193; 1 Thompson on Negligence, sec. 15.)

For the purpose of the motion it must be conceded that the evidence offered by the plaintiff proved that the defendant, through its vice-principal, Price, not only had actual charge and control of the piling of this lumber, but actually directed the manner in which it should be piled, and gave directions that no particular pains should be exercised and that cross-strips or ties should not be employed. The evidence further shows that the plaintiff was directed by Price to go to the very place where he was injured, and it is self-evident that, if properly piled, the lumber would not have fallen of its own accord.

We think the doctrine of the maxim *"Res ipsa loquitur"* is applicable to the facts of this case, and that the evidence offered by the plaintiff, aided by the presumption which this doctrine raises, made out a *prima facie* case to go to the jury, and the motion for nonsuit was properly denied. We do not think there is any merit in the other grounds of the motion.

But it is said that the danger to plaintiff from this pile of lumber was obvious and apparent, and that the plaintiff assumed the risk. Whether it was apparent to him or equally as apparent to him as to Price, under the facts of this case, were questions for the jury. This subject has been before this court so recently, and so carefully considered, that a reference to the case is sufficient to dispose of the contention now. (*McCabe* v. *Montana Central Ry. Co.,* 30 Mont. 323, 76 Pac. 701.)

In *Carlson* v. *Northwestern Tel. Exch. Co.,* 63 Minn. 428, 65 N. W. 914, it is said: "Where a large number of men are employed upon the same work, it is essential that reasonable orders regulating their conduct and assigning to them proper places in

which to work, should be given. It is the duty and the right of the master to give orders and direct the places where his servants shall work. Their duty is instant and absolute obedience, unless it be obvious to them that such obedience will expose them to unusual dangers. Dispatch, discipline and the safety of person and property in the execution of work imperatively require that the master should order and the servant obey. It would be practically impossible to carry on a work of any magnitude on any other basis. A workman, when ordered from one part of the work to another, cannot be allowed to stop, examine and experiment for himself, in order to ascertain if the place assigned to him is a safe one.''

There is some contention that Price was a fellow-servant with Hardesty; but under either rule announced by this court in *Allen* v. *Bell*, 32 Mont. 69, 79 Pac. 582, for determining this question, we think Price was clearly shown to be a vice-principal.

Objection is made to the court's giving an instruction numbered 8, relative to the duty of the master to exercise ordinary care to provide for his servant a reasonably safe place in which to work. We do not approve of the language employed in this instruction, but this is not the objection urged by the appellant. Its criticism is that an instruction on the subject was inapplicable in this case, for the reason that the plaintiff was engaged in making a place in which to work, and *Shaw* v. *New Year Gold Min. Co.*, 31 Mont. 138, 77 Pac. 515, is cited in support of this plea. But the doctrine of that case we think is not applicable here. This plaintiff was directed by the defendant to work in a particular place outside of the building, and while executing such order was injured. The work of framing timbers and placing them in a building is not analogous to the work of extending a tunnel.

Instruction No. 1 is criticised, because it does not fully set forth the issues to be determined. The court was only attempting to define the issue in very general terms, and in any event

appellant did not request an instruction setting forth the issues more fully.

There is some criticism made of instruction No. 7, but that instruction only attempted to limit plaintiff's recovery to the amount claimed in his complaint.

Instructions 3, 4 and 5 state the rules of law as announced in sections 2660, 2661 and 2662 of the Civil Code.

Errors are also assigned upon the refusal of the court to give certain instructions requested by the defendant. No. 18 comments upon the evidence and would have been erroneous if given. Nos. 19 and 29 were properly refused. The rule announced in the *Carlson Case* above disposes of this contention. Nos. 22 and 23 are directly opposed to the doctrine announced by this court in the *Allen-Bell* and *McCabe Cases,* respectively, and No. 24 is fully covered by instructions 11, 12, 14 and 15, given by the court.

While the cross-examination of the witness Haines was probably with respect to an immaterial matter, it seems impossible that any injury could have resulted to defendant. We have examined the other assignments, but think they are without merit. The case seems to have been fairly submitted to the jury, and its verdict should not be disturbed.

The judgment and order denying defendant a. new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.

## ON REHEARING.

(Submitted June 12, 1906. Decided June 22, 1906.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

After the opinion in this case was delivered, appellant filed a motion for a rehearing, in support of which it was earnestly urged that this court had not considered sufficiently its objections to three instructions given by the trial court embodying

the provisions of sections 2660, 2661 and 2662 of the Civil Code. On account of the importance of the question presented, a rehearing was ordered with respect to the matter particularly urged. The order granting the rehearing limited further argument to the question: Are sections 2660 and 2661 of the Civil Code applicable to a personal injury case? And incidentally we asked for a history of those sections and the construction given like provisions prior to their adoption in this state.

In 1871 the Territory of Dakota adopted a Civil Code embodying the provisions of our sections 2660, 2661 and 2662, and also adding to the section corresponding to our section 2661 the following: "Nor in consequence of the negligence of another person employed by the same employer in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employee." (General Laws, Dakota Territory, 1870-71, secs. 1005, 1006 and 1007.) These sections were continued in force and brought into the Revised Code of 1877 as sections 1129, 1130 and 1131 of the Civil Code, and into the Compiled Laws of 1887 as sections 3752, 3753 and 3754 of the Civil Code. Upon the admission of the states of North Dakota and South Dakota, the same provisions were continued in force in each state and are to be found in the Revised Codes of North Dakota of 1899, as sections 4095, 4096 and 4097, and in the Revised Code of South Dakota of 1903, as sections 1448, 1449 and 1450.

In 1872 the state of California adopted a Civil Code containing the same provisions as the Civil Code of Dakota Territory, as sections 1969, 1970 and 1971. The same provisions are found in the California Civil Code of 1897, and in Kerr's Cyclopedic Codes of 1905, the sections being numbered the same as in the Civil Code of 1872.

These provisions first appear in our Civil Code of 1895. We are unable to state whether our Code provisions were taken from the Code of California or from the Code of one of the Dakotas; and we are further unable to know why our Code omits the portion from section 2661 which is found in the correspond-

ing section of the Civil Codes of California and of North Dakota
and South Dakota; but we deem these matters wholly imma-
terial to the question now presented.

It is worthy of note, in passing, that the arrangement of the
respective Codes of all these states is precisely the same. Thus,
the Civil Code contains four Divisions, and the arrangement,
with the titles directly leading to the particular sections under
consideration, is as follows:

Division III, "Obligations."

Part IV of Division III, "Obligations Arising from Particular
Transactions."

Title VI of Part IV, "Service."

Chapter I, of Title VI, "Service with Employment."

Article II, of Chapter I, "Obligations of Employer."

This division of the Code into Divisions, Parts, Titles, Chap-
ters, Articles and Sections is one of the instrumentalities by
which the Code may be construed, and the particular title of
each of these subdivisions, which was arranged in the bill and
adopted as a part of the Code itself, may be referred to and con-
sidered in determining the meaning of such subdivision. (2
Lewis' Sutherland's Statutory Construction, sec. 362, and cases
cited.) It is an elementary principle of statutory construction
that all sections upon the same subject matter are to be taken
as one law and construed together. (*O'Neal* v. *Robinson,* 45
Ala. 526.)

Sections 2660, 2661, and 2662, above, and the corres-
ponding sections of the Codes of California and North Dakota
and South Dakota, respectively, comprise all of Article II, Chap-
ter I, Title VI, Part IV, Division III, and this Article has to do
generally with the "Obligations of the Employer." That is the
one subject treated, and each of these three sections refers to
the same matter. Furthermore, as if to emphasize this, section
2660 specifically refers to 2661. The Code establishes the law
of this state so far as it attempts to announce the law. It is
supplemented by the common law of England. (Civ. Code,
sec. 4651.)

Appellant does not contend that section 2662, above, is not applicable to an action for damages for personal injuries; and, whether admitted or not, it must be perfectly apparent that section 2661 is applicable, and that it merely states in general terms the common-law defense of assumption of risk. It is also apparent that the corresponding section of the Codes of California, North Dakota and South Dakota, respectively, in addition states the rules applicable to the defense of negligence of a fellow-servant. The omission of this last rule from our section 2661 is of no consequence. Our section states the rule of law applicable to the particular subject treated. Not a single instance is referred to by appellant where these sections, or any of them, have been applied to any other subject, while the cases holding that the rules announced in sections 2661 and 2662, above, are directly applicable to cases arising between servant and master for damages for personal injuries, are numerous.

In the following cases the Dakota Codes referred to are considered: *Herbert* v. *Northern Pac. R. Co.,* 3 Dak. 38, 13 N. W. 349, s. c. on appeal, 116 U. S. 642, 6 Sup. Ct. 590, 29 L. Ed. 755; *Elliott* v. *Chicago etc. R. Co.,* 5 Dak. 523, 41 N. W. 758, 3 L. R. A. 363. In *Ell* v. *Northern Pac. Co.,* 1 N. Dak. 336, 26 Am. St. Rep. 621, 48 N. W. 222, 12 L. R. A. 97, it is said: "We have assumed that our statutes on this question [Comp. Laws, sec. 3753] are only declaratory of the common law. But we do not decide whether they limit the liability of a master. They certainly impose upon him no greater responsibility than the common law, and, as the question of their restrictive force has not been discussed, we do not decide it." (*Gates* v. *Chicago etc. R. Co.,* 2 S. Dak. 422, 50 N. W. 907, 4 S. Dak. 433, 57 N. W. 200; *McKeever* v. *Homestake M. Co.,* 10 S. Dak. 599, 74 N. W. 1053; *Northern Pac. R. Co.* v. *Hogan,* 63 Fed. 102, 11 C. C. A. 51; *Northern Pac. Ry. Co.* v. *Hambly,* 154 U. S. 349, 14 Sup. Ct. 983, 38 L. Ed. 1009.)

In the following cases the sections of the California Code are considered: *Collier* v. *Steinhart,* 51 Cal. 116; *McLean* v. *Blue*

*P. M. M. Co.*, 51 Cal. 255; *McDonald* v. *Hazeltine*, 53 Cal. 35; *Beeson* v. *Green Mt. G. M. Co.*, 57 Cal. 20; *Kevern* v. *Providence G. & S. M. Min. Co.*, 70 Cal. 392, 11 Pac. 740; *Brown* v. *Central Pac. R. Co.*, 72 Cal. 523, 14 Pac. 38; *Stephens* v. *Doe*, 73 Cal. 26, 14 Pac. 378; *Fagundes* v. *Central Pac. R. Co.*, 79 Cal. 97, 21 Pac. 437, 3 L. R. A. 824; *Congrave* v. *Southern Pac. R. Co.*, 88 Cal. 360, 26 Pac. 175; *Trewatha* v. *Buchanan Gold Min. Co.*, 96 Cal. 494, 28 Pac. 571, 31 Pac. 561; *Long* v. *Coronado R. Co.*, 96 Cal. 269, 31 Pac. 170; *Mann* v. *O'Sullivan*, 126 Cal. 61, 77 Am. St. Rep. 149, 58 Pac. 375; *Donovan* v. *Ferris*, 128 Cal. 48, 79 Am. St. Rep. 25, 60 Pac. 519; *Gribben* v. *Yellow Aster M. & M. Co.*, 142 Cal. 248, 75 Pac. 839.

It is also worthy of note that the term "indemnify" is used in each of the three sections above in the same relation and with the same evident meaning in each instance. In sections 2661 and 2662 the term "losses" is used, while in section 2660 the same thing is expressed by the use of the phrase "all that he necessarily * * * loses." In *Brown* v. *Central Pac. R. Co.*, 68 Cal. 171, 7 Pac. 447, s. c. in bank, 8 Pac. 828, decided in 1885, ten years before the adoption of our Civil Code, it was held that the provisions of section 1969 of the California Civil Code (our section 2660 above) were directly applicable to that particular case, which was one for damages for personal injuries between servant and master. We are unable to agree with counsel for appellant that the reference to section 1969 is *dictum.*

While in the former opinion in this case we merely approved without comment the instructions given, which announced the law as embodied in sections 2660, 2661, and 2662, we are now, after further argument and consideration, more fully convinced that the instructions were properly submitted in this case, and that the rules announced in those sections are directly applicable to an action of this character. The mere fact that the law as declared in section 2660 may possibly be applicable to a case of another character does not detract from its ap-

plicability here. We are fully satisfied with the disposition made of this case.

The judgment and order denying the defendant a new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.