THOMAS REILLY, Appellant, *v.* ATLAS IRON CONSTRUCTION COMPANY, Respondent.

*Negligence — servants of different masters are not fellow-servants — rational conclusions from facts proved.*

Employees who are at work in the construction of a building, if servants of different masters, are not co-employees within the rule respecting the negligence of fellow-servants.

Upon the trial of an action brought to recover damages resulting from alleged negligence, causing personal injury to the plaintiff, it was proved that a pile of brick rested upon a platform supported upon the beams of the first story of a building in process of construction; that said pile of brick had remained in the same position for about two weeks and was surrounded and supported by a wall of brick eight inches in thickness and laid up dry, and that the platform extended outside of the wall of brick about the width of two planks; that bricks fell from this pile into the cellar of the building and injured the plaintiff at a time when servants of the defendant were moving a derrick past the southeast corner of the pile.

*Held*, as there was no reason to suppose or believe that the bricks would have fallen without interference, and there was no disturbing cause present when they fell, except the derrick, that the rational conclusion was that the defendant's men in moving the derrick caused it to strike against the pile of brick and displaced and precipitated the bricks into the cellar and caused the injury complained of and that a proper case had been made out for presentation to the jury.

APPEAL by the plaintiff, Thomas Reilly, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 18th day of December, 1893, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the Kings County Circuit.

*Charles J. Patterson*, for the appellant.

*Charles C. Nadal*, for the respondent.

DYKMAN, J. :

This is an appeal by the plaintiff from a judgment entered upon a dismissal of the complaint at the Circuit. The action was brought for the recovery of damages for negligence, and the material facts in the case are these :

The plaintiff was at work in the cellar of a house which was in

course of construction in Brooklyn. The building was to be about 100 feet square, and, at the time of the accident, the brick walls were above the level of the sidewalk.

The beams for the first story had been set in place on the east side, and upon the beams near the rear of the building there was a platform of planks about twenty-six feet long and fifteen feet wide. There was a pile of brick upon that platform about twelve or fourteen feet square and about three feet high.

On each side of that pile of brick there was an eight-inch wall of brick, built dry, but the bricks were placed crosswise, and built in at the ends and corners so as to bind the walls. It had remained in the same condition for about two weeks, and there was a margin of about the width of two planks outside of the brick pile. There was an open space in the rear of the first floor which was not covered by beams.

The defendant was doing the iron work upon the building, and in connection with the operations thereon used a large derrick which rested on the beams of the first story. The derrick consisted of two heavy upright timbers with their lower ends resting upon a crossbeam, with wheels underneath it, upon which the derrick could be moved.

The men in the employ of the defendant had occasion to move the derrick from the front to the rear of the first floor of the building, and this is the testimony of the witness, who gave an intelligent account of the occurrence :

"I was on the premises at the time the accident happened ; I was in this open space in the cellar shoveling sand at the time ; I mean that space in the rear of the cellar which was not covered by beams; my duty there was filling sand, filling these barrels for Reilly and other men who were carting them away. The barrels were being carted away at that time ; where I stood there was nothing above my head ; I saw the men of the Atlas Iron Construction Co. moving this derrick; they were moving it from the east; they were facing it around to the west of the building then ; I could not say whether they moved it with bars or shoved it with their shoulders; they were pushing it ; any way, I saw them come past the corner of the pile of bricks ; I was looking at them, the corner next to Smith & Gray's, towards the rear of the building, that would be the south-

east corner of the pile of bricks; when the men were moving the derrick past the southeast corner of the pile of bricks the bricks fell down; they let the derrick stand there till the man was picked up; just before the bricks fell down they were moving the derrick; I could not say whether the derrick hit the brick or not, but it was up close to it, against the brick, I could not say touching them. * * * These men were moving the derrick up to the time the brick fell."

The witness further said: " They stopped the derrick as soon as the brick commenced to fall; they did not stop the derrick till the brick commenced to fall; this open space came, to the best of my knowledge, five or six feet to the pile of brick; this derrick, from one upright to the other, may be six or seven feet; it was moving on rollers; they have two wheels under it."

A number of brick fell upon the plaintiff and injured him very seriously.

There is no question respecting the negligence of fellow-servants involved in this case, as the plaintiff and the men who moved the derrick were servants of different masters, and, therefore, were not co-employees. (*Sanford* v. *S. O. Co.*, 118 N. Y. 571; *Sullivan* v. *Tioga R. R. Co.*, 44 Hun, 304.)

Neither can there be any serious question respecting the negligence of the men who moved the derrick if they caused it to collide with the bricks and precipitate them into the cellar. They knew, or should have observed, that the plaintiff and others were at work in the story below. The open spaces were sufficiently large to enable them to see men at work in the cellar, and they must be held to have known that the movement of the derrick against the bricks would precipitate them into the cellar in the midst of the men at work there. Under such circumstances the action of the defendant's men in charge of the derrick was careless and dangerous if they moved it against the bricks.

It becomes necessary, therefore, to inquire and determine now whether the evidence was sufficient to justify a jury in finding that the defendant's men moved the derrick against the brick and caused them to fall into the cellar and injure the plaintiff.

The following facts are material upon that question: The pile of brick rested upon a level platform and was surrounded and

supported by a wall of brick eight inches in thickness; that is, the brick were placed lengthwise and laid up dry. It had remained in the same position about two weeks. The floor upon which it was built extended outside of the wall about the width of two planks. There is no reason to suppose or believe that the bricks would have fallen without interference, and there was no disturbing cause present when they fell except the derrick. The bricks fell when the men were moving the derrick past the southeast corner of the pile. "Just before the bricks fell down they were moving the derrick * * * These men were moving the derrick up to the time the bricks fell."

From the facts established by the evidence, and from the circumstances surrounding the occurrence, the rational conclusion seems to be that the defendant's men in moving the derrick caused it to impinge against the pile of brick, and that such impingement displaced the bricks and precipitated them into the cellar upon the head of the plaintiff and inflicted the injuries for which he seeks compensation in this action.

The circumstances are inconsistent with any other hypothesis, and the falling of the bricks can be accounted for upon no other theory.

Even, however, if different minds might reach diverse conclusions, and a jury may draw a different inference, the case is yet a proper one for the determination of a jury.

It cannot be said that our conclusion is destitute of justification, and if a jury should draw the same inferences that we do from the testimony, and find a verdict in favor of the plaintiff, it would not be disturbed by the court for want of support in the evidence.

Our conclusion is that the case is a proper one for the determination of a jury, and that the judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, J., concurred; BROWN, P. J., not sitting.

Judgment reversed and new trial granted, costs to abide event.