PRATT, J.
This is an appeal from a judgment entered upon a verdict of a- jury awarding damages to plaintiff for pei-sonal injuries, and also from an order denying a motion for a new trial. The plaintiff was employed by P. J. Castin & Co., who were engaged in the construction of á building on Fulton street, in the city of Brooklyn, on the 15th of September, 1892. The defendants were engaged in putting up the iron framework on the building, and had nearly or quite finished placing the iron beams /or the first floor of the building. There was a pile of bricks resting upon a platform of planks on the iron beams, between thirteen and fifteen feet long, and ten to ■eleven feet wide, and about four feet high. This pile of bricks ■was walled in three sides by dry bricks laid' one upon the other, and, inside the wall, bricks were thrown in loosely. The flooring had not been laid over the iron beams, so that there were open spaces between the beams, and around the pile of bricks described. The plaintiff was at work in the cellar, nearly under the platform which held the pile of bricks.. The negligence ■charged in the complaint is that the defendants were engaged in moving the derrick, and that they “ moved the same negligently ■and carelessly, and drove the said derrick, while they were on the first story of said building, against the pile of bricks and thereby knocked a large quantity of said bricks into the-cellar, where plaintiff was at work,” and that some of the bricks struck said plaintiff and injured him. The fact was conceded that defendant's men were moving the derrick, about the time of the accident, in the close vicinity of the brick pile; but the other facts were sharply contested, and the evidence was very conflicting. Witnesses or such accidents are usually under excitement, and are quite likely to differ, when relating what they sdw. Circumstances impress persons differently, so that those who see an accident of that kind, though equally honest, differ as to time and *642 order of events, and in other respects; and only a jury can properly settle a question, upon such conflicting claims.
Defendant made a motion to dismiss the complaint upon the-ground that the negligence charged in the complaint was not substantiated by the proof, and that the verdict was clearly against', the weight of evidence. Assuming for the sake of argument, that the weight of evidence was against the claim that the derrick was moved against the pile of bricks, still, if the bricks were made to fall by the jar of the movement of the derrick, or by the falling of the guy ropes upon the brick, it constitutes no fatal variance-in the proof with the allegation. The charge was negligence in moving the derrick, causing the bricks to fall. Considering all the circumstances, the jury was authorized to find, upon the evidence, that the derrick was moved against or upon the pile of bricks, and caused them to fall, but the court specifically charged the jury that only by defendant’s moving the derrick against the-pile of bricks could plaintiff recover a verdict. All question of jar was therefore eliminated from the case. 'Not only is this view consistent with the evidence, but it is consistent with reason. The-pile of bricks rested upon a level platform, and was surrounded, and supported by a brick wall. It 'had remained in the same position for some weeks. The floor upon which it was built, extended outside the wall several inches,—the width of two-planks. There is no reason to suppose or believe that the bricks'would have fallen without interference, and there was no cause-present when they fell, except the derrick. Just before the bricks fell they were moving the derrick in the direction towards the bricks, and there is evidence that they were moving it up to the time the bricks did fall. Considering all the circumstances, we think it was a proper case for a jury, and that a finding that implies that the derrick was moved against the pile of bricks, and caused it to fall into the cellar, does not lack support, in the evidence. This view of the case was entertained by a previous genera!term of this court, before which an appeal in that, case was argued, involving substantially the same questions and' like evidence. In addition to the testimony-which was before the general term upon the former appeal, the plaintiff introduced a witness (one Anthony Eabbit) who testified that he was present, at the time of the accident, where he could see what took place, and that he saw the derrick strike the brick pile and knock it. down. • He explained by saying that it was caused by one of the-men engaged in moving the derrick allowing a guy rope to become slack while the derrick was being pried forward by a crowbar. That evidence alone, if believed, justifies a verdict in some sum for the plaintiff.
The exception taken bv defendant to proof of the condition of the brick pile the day beforé the accident has no merit, especilly when it was shown that the pile had not been changed between the time stated and the accident. Other exceptions were taken upon the trial, but no point was made upon the argument, or in-defendant’s brief, except to the denial of the motion to dismiss the; complaint, and denial of motions fora new trial.
*643 We find no error sufficient to warrant a reversal of the judg= ment, which is affirmed, with costs.
All concur.