(19 App. Div. 588.)

GULDSETH v. CARLIN et al.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

NEGLIGENCE OF SERVANT—LIABILITY OF MASTER.

A plaintiff, while rightfully in an elevator shaft, was struck by a brick while defendants' workmen were on a scaffold above, laying brick. Other bricks had fallen before the accident, and the workmen had been cautioned. There was evidence that one of defendants had from time to time given directions to the bricklayers, and that there were no workmen other than those of defendants on the floors above plaintiff. *Held* error to dismiss the complaint, and to take the case from the jury.

Appeal from trial term.

Action by Peter P. Guldseth against Patrick J. Carlin and others for damages. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

E. J. McCrossin, for appellant.

M. F. McGoldrick, for respondents.

GOODRICH, P. J. The plaintiff, in June, 1896, was in the employ of the Hecla Iron Works, which was contractor for the construction of the iron work in the Eagle Storage Warehouse. The defendants were contractors for the entire stone and brick work. The building was nearly constructed, and there was an elevator shaft extending from the front floor to the top of the structure, and open all the way to the top. None of the floors in the building had been laid. The plaintiff had occasion, in the course of his employment, to go to the cellar, and entered the shaft, for the purpose of crossing over to the ladder which led into the cellar. This was a route usually taken by the workmen engaged in the building, and, as the plaintiff testified, the only way he had to go. There was a plank laid across the shaft, upon which the plaintiff walked; and while on the plank he was struck on the head, and seriously injured, by a brick which fell from above. There were some bricklayers of the defendants doing their work on a scaffold some four or five planks wide, between the sixth and seventh floors. Shortly before the accident, other bricks had fallen down the shaft, and the workmen had been cautioned by another person to be careful. There is evidence that one of the defendants had been present from time to time, previous to the accident, directing the movements of the bricklayers. There is evidence that no workmen other than those of the defendants were at work on the floors above the plaintiff. At the close of the plaintiff's evidence, the defendants moved to dismiss the complaint on the ground that no negligence of the defendants had been proven, and the court granted the motion, although the plaintiff asked to have that question submitted to the jury.

The fact that the brick fell from above, where the workmen of the defendants, and only their workmen, were engaged, calls upon the defendants for explanation of the circumstances. Such was the decision in the case of Poulsen v. Railroad Co. (recently decided by this court) 45 N. Y. Supp. 941, where an electric fuse on a passenger car suddenly burned out with so great a flash and light that it frightened a passenger, causing her to jump from the car, whereby she sustained an injury. It is true that this was an action by a passenger against a carrier, but, while that fact measures the degree of care required by the carrier in the use of appliances, the principle enunciated governs the present controversy. The facts there, and equally the facts here, cast upon the defendants the necessity of explaining the circumstances, and showing that the fall of the brick was not occasioned by the act or negligence of any of their serv-

ants, or that adequate protection against the danger of such falling had been provided.

In the case of Reilly v. Construction Co., 83 Hun, 196, 31 N. Y. Supp. 618, where a brick fell from the upper story of a building in the course of construction, and injured a workman below, it was shown that employés of the defendant, and no others, were engaged in moving a derrick above the floor where the plaintiff was; and it was held that a direction of a verdict for the defendant at the close of all the evidence was error, the court saying:

"From the facts established by the evidence, and from the circumstances surrounding the occurrence, the rational conclusion seems to be that the defendant's men, in moving the derrick, caused it to impinge against the pile of brick, and that such impingement displaced the bricks, and precipitated them into the cellar, upon the head of the plaintiff, and inflicted the injuries for which he seeks compensation in this action. The circumstances are inconsistent with any other hypothesis, and the falling of the bricks can be accounted for upon no other theory. Even, however, if different minds might reach diverse conclusions, and a jury may draw a different inference, the case is yet a proper one for the determination of a jury."

This decision proceeded upon the same theory as the case of Poulsen v. Railroad Co., supra, that the defendant was put to his proof that the fall of the brick was not occasioned by its negligence. Upon a subsequent trial of the action, evidence was given by a witness who saw the derrick strike the pile of brick, and knock it down, and a verdict for the plaintiff was affirmed by this court. 3 App. Div. 363.

We think, therefore, that the dismissal of the complaint was error, for which the judgment must be reversed. All concur.