### BOGENDOERFER v. JACOBS.

(Supreme Court, Appellate Division, Second Department. October 14, 1904.)

1. LANDLORD AND TENANT—APPLIANCES—ELEVATORS—DUTY OF LANDLORD.

     Where a landlord leased the several stories of a building to different tenants, and furnished a freight elevator for their joint use, the landlord was bound to exercise reasonable care toward such tenants and their employés to see that the elevator was safe.

2. SAME—INJURIES—EVIDENCE—RES IPSA LOQUITUR.

     Where an entire freight elevator furnished by a landlord for the use of his several tenants of a building fell when not overloaded, and not in actual operation, as the servant of one of the tenants was engaged in placing some lumber thereon, and one of the counterweights broke from the cable, and injured such servant, evidence of the circumstances of the

occurrence, and proof that the elevator had not been properly inspected for a period of three years, justified an inference of negligence on the part of the landlord, in the absence of satisfactory explanation thereof.

Action by Conrad Bogendoerfer against Marx Jacobs. The complaint was dismissed after trial, and plaintiff applies for a new trial on exceptions. Motion granted.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John C. Robinson, for plaintiff.

J. Woolsey Shepard (Joseph McElroy, Jr., on the brief), for defendant.

HIRSCHBERG, P. J. The plaintiff was injured by the fall of a freight elevator in a building belonging to the defendant. The building consisted of five floors, which were leased to various tenants, and the plaintiff was at work as a journeyman carpenter for the tenant of the top floor. While the plaintiff was engaged with an assistant in placing some lumber upon the elevator in order to lower it to the ground floor, the elevator suddenly fell, and one of the counterweights running in an open groove broke from its cable, and, striking the plaintiff, severed his arm and inflicted other injuries. The complaint was dismissed at the close of the evidence on both sides, the cause of the fall of the elevator not having been established. It cannot be said, upon the facts disclosed by the record, that the plaintiff was chargeable with contributory negligence as matter of law, but the defendant contends that the leasing of the premises relieved him from legal obligation of care in the safe maintenance of the elevator, and that the mere fact of its fall raised no presumption of negligence which called upon him for explanation. It did appear, however, that during a period of about three years immediately preceding the accident the elevator had never been inspected by any one competent to determine its condition, the only inspection made during the defendant's ownership being by his son, at his request, and comprising only an occasional look at the machinery, which the son testified "was not out of order, as far as I could see, before the accident."

It seems to me that the question of the defendant's general liability is controlled by the decision of this court in Grifhahn v. Kreizer, 62 App. Div. 413, 70 N. Y. Supp. 973, affirmed by the Court of Appeals, 171 N. Y. 661, 64 N. E. 1121. It was held in that case that a lessee of a building who sublet the same to various tenants, and who furnished and maintained a freight elevator therein for their common use, owed to an expressman who was using the elevator in the lawful business of one of the sublessees the duty of exercising reasonable care to see that it was safe. The defendant admitted in this case upon the trial that he furnished the elevator in question for the common use of all his tenants, but claimed to be relieved from all obligation of care by the fact that the tenants assumed the actual operation of it. Conceding that that fact would relieve him from the consequences of negligence in the running or operating of the machinery, it cannot be effective as to defects in the machinery itself, and the proof negatives the idea that the accident herein resulted from any negligent or improper act in the

actual operation of the elevator. It seems equally clear to me that this is a case where, in the absence of a satisfactory explanation, the jury might properly infer negligence from the circumstances of the occurrence. That appears to have been the principle underlying the decision in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, and which received the assent of five of the judges of the Court of Appeals, and which is commonly alluded to as the doctrine of res ipsa loquitur. It was applied in that case to the fall of an elevator from an unexplained cause, and is equally applicable here on the assumption that the duty of safe maintenance of the structure exists on defendant's part, and certainly when coupled with the fact of no proper inspection of the machinery during a period of years. The following from Judge Cullen's opinion (page 196, 166 N. Y., page 927, 59 N. E., 52 L. R. A. 922, 82 Am. St. Rep. 630) is especially in point, viz.:

"It appears that the deceased was present by the implied invitation of the defendant, extended to him and all others who might have lawful business on the premises, to use the elevator as a means of proceeding from one story to another. The defendant therefore owed the plaintiff the duty of using at least reasonable care in seeing that the premises were safe. The death of the plaintiff's intestate was caused by the fall of the counterbalance weights. These weights were held in a frame, to which was attached a rope or cable passing around a drum. The weights fell down from the frame, and the rope was thrown off the drum. That no such accident could ordinarily have occurred had the elevator machinery been in proper condition and properly operated seems to me very plain. The court was, therefore, justified in permitting the jury to infer negligence from the accident, construing, as I do, the term 'accident' to include not only the injury, but the attendant circumstances."

In the case at bar the evidence clearly establishes the fact that the entire elevator fell when not overloaded and not in actual operation. Certainly such a thing could not ordinarily occur if the machinery was in a safe and proper condition. The inference was therefore possible that the fall was occasioned by some defect of either original construction or created by time and use, and, if adopted by the jury, would necessarily point to negligence on the part of him upon whom the law imposes the burden of such reasonable care and inspection as would tend to a timely discovery and remedy of the defect.

There are other minor questions presented, which are not regarded as controlling, and therefore demand no special discussion.

The plaintiff's exceptions should be sustained, and the motion for a new trial granted; costs to abide the event. All concur.