(53 Misc. Rep. 586)

GLASSMAN v. SURPLESS et al.

(Supreme Court, Appellate Term.　April 10, 1907.)

1. NEGLIGENCE—CONDITION OF BUILDINGS—ELEVATORS.

In an action against the owner of a building for injuries sustained by plaintiff while riding in an elevator in the building, *held* a question for the jury whether the car was defective or negligently operated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 325.]

2. SAME—ACTION—EVIDENCE.

In an action against the owner of a building for injuries sustained by a plaintiff, owing to the fall of the elevator in the building, it was not necessary for plaintiff to prove the specific defect or misconduct, but sufficient to show facts from which the jury might fairly infer that the car was defective or negligently operated.

3. SAME—EVIDENCE—SIMILAR FACTS AND TRANSACTIONS—ADMISSIBILITY.

In an action against the owner of a building for injuries sustained by plaintiff, owing to the fall of the elevator in the building, it was proper to admit evidence showing a similar accident shortly before the one in question, as tending to establish notice of some defect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 247.]

Appeal from City Court of New York, Trial Term.

Action by Esther Glassman against Thomas J. Surpless and another. Appeal by plaintiff from a judgment dismissing the complaint. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Feeney & Kornblueh (David Kornblueh and Benjamin Marcus, of counsel), for appellant.

Fred E. Fishel, for respondents.

ERLANGER, J.　For injuries alleged to have been inflicted upon her through the negligence of the defendants, plaintiff sues to recover damages.　The complaint charges that the defendants are the owners of a building 11 stories high, in which passenger elevator cars are maintained and operated by their employés; that on the day of the accident plaintiff was employed by one of the defendants' tenants, who occupied the tenth floor; that in going to and from her work it was necessary for her to use the elevator; that on the evening of February 8, 1904, using due and reasonable care and without negligence or interference on her part, she entered the elevator to go to the ground floor; that through the negligence of defendants and their servants, and owing to the then bad condition of the elevator, and to the fact that the operator of the car had no control of the lever, the car dropped with a sudden jerk from the tenth to the fourth floor; that in consequence she was violently thrown to the floor of the car and severely injured.　The answer admits the ownership of the locus in quo and that the elevator was operated by employés of defendants.

Upon this issue the parties proceeded to trial.　The plaintiff testified to the falling of the elevator, and that she and other girls were pulled out, and she described her condition and injuries, the effect of which, it is claimed, largely decreased her earning capacity.　Her

employer testified that he was on the eighth floor at the time, and all
of a sudden heard a crash or some extraordinary noise; that in going
to the elevator he saw it slide, and heard a noise coming from it, that he
ran down to the floor; that a number of people were standing at the
elevator door; that plaintiff was crying and hurt; that he and two of
his employés pulled her out between the fifth and sixth floors. Another
witness in the elevator at the time, and also injured, testified:

"We all entered the elevator, and it broke, or something happened, and the
elevator fell."

This was substantially plaintiff's proof at the time her case was rested,
and thereupon a motion was made to dismiss the complaint—

"upon the ground that there had been an absolute failure to show anything
like liability or negligence on the part of the defendants, and that the plain-
tiff has not shown anything other than an accidental movement of the ele-
vator. It is true they say it fell to the floor."

Here followed some colloquy between counsel and the court as to
the proof required on the part of the plaintiff; the defendant claiming
that plaintiff was bound to show—

"something in the way of a defect, or that points to a defect. Something
must be shown out of the usual movements of the elevator. The mere moving,
simply, of an elevator, I do not think is sufficient to prove its breaking down,
as that may have occurred through carelessness on the part of the operator."

To this statement the court assented, and dismissed the complaint.
Plaintiff excepted.

This ruling was error. It has been determined over and over again
that, in cases of nonsuit, the party nonsuited is entitled to the most
favorable inferences to be drawn from the evidence. Applying this
rule, we think that sufficient facts were shown by plaintiff to entitle
her to go to the jury. True, the defendants' negligence was made the
issuable fact in the case; and while affirmative proof to establish neg-
ligence either in the condition or in the operation of the car was nec-
essary, plaintiff was not required to prove the specific defect in the
car or the particular act of misconduct in its operation. It was enough
if plaintiff proved facts and circumstances from which the jury might
fairly infer that the car was either defective in its condition or negli-
gently operated. Peck v. N. Y. C. & H. R. R. R. Co., 165 N. Y. 347,
59 N. E. 206. Defendants' counsel, in stating his grounds for a dis-
missal of the complaint, declared "that the breaking down may have
occurred through carelessness on the part of the operator." If that
be true, plaintiff was entitled to go to the jury. A presumption of
negligence may arise from the nature of the act—as, for example, the
fall of an elevator (Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925,
52 L. R. A. 922, 82 Am. St. Rep. 630); that a cylinder burst and fell
into the street (Goll v. Manhattan Ry. Co., 5 N. Y. Supp. 185; affirmed
125 N. Y. 714, 26 N. E. 756); the fall into the street of a bolt from an
elevated road (Volkmar v. Manhattan Ry. Co., 134 N. Y. 418, 31 N. E.
870, 30 Am. St. Rep. 678); the fall of a brick into the street from a
house in course of construction (Guldseth v. Carlin, 19 App. Div. 588,
46 N. Y. Supp. 357); fall of boom of derrick (Reed v. McCord, 18 App.
Div. 381, 46 N. Y. Supp. 407); fall of chisel from structure into street

(Cahalin v. Cochran, 1 N. Y. St. Rep. 583); fall of live wire into street (Jones v. Union Ry. Co., 18 App. Div. 267, 46 N. Y. Supp. 321); shock from electricity (D'Arcy v. Westchester El. Ry. Co., 82 App. Div. 263, 81 N. Y. Supp. 952). Instances might be multiplied by further citations, but the foregoing suffice to show that enough was established by plaintiff to put defendants to their proof.

In Griffen v. Manice, supra, the Court of Appeals broadly assert that the principle of "res ipsa loquitur" depends for its application "on the circumstances and character of the occurrence, and not on the relation between the parties, except indirectly, so far as that relation defines the measure of duty imposed on the defendant"; and the court, after illustrating the rule, goes on to say:

"The maxim is also in part based on the consideration that, where the management and control of the thing which has produced the injury is exclusively vested in the defendant, it is within his power to produce evidence of the actual cause that produced the accident, which the plaintiff is unable to present. Neither of these rules—that a fact may be proved by circumstantial evidence, as well as by direct, and that, where the defendant has knowledge of a fact, but slight evidence is requisite to shift on him the burden of explanation—is confined to any particular class of cases; but they are general rules of evidence, applicable wherever issuable facts are to be determined, either in civil or criminal actions."

See Borgendoerfer v. Jacobs, 97 App. Div. 355, 89 N. Y. Supp. 1051.

Counsel for appellant contended in favor of the application of this rule; but the trial court was not of the same opinion, and for the reasons shown dismissed the complaint. We think this case falls within the rule of the cited and kindred cases, and that after plaintiff rested the defendants were put to their proof to explain the cause of the accident. It may be that evidence can be produced to satisfy the jury that the cause was one which could not be foreseen, and which may be found to absolve them from liability; but that question must be left to the arbitrament of a jury, the legally constituted tribunal to determine the facts. And so it was competent to prove that a similar accident occurred shortly before the one which happened to the plaintiff, as tending to establish notice to the defendants of some defect which required of them the exercise of reasonable care, both with regard to inspection as well as the repairs to be made, in order to make the car safe for those who had the right to make use of it. Hanselman v. Broad, 113 App. Div. 447–449, 99 N. Y. Supp. 404.

The judgment is reversed, and a new trial ordered, with costs to appellant to abide the event.

GEIGERICH, J., concurs in result.

GILDERSLEEVE, P. J. I concur in the result reached by my associate, Mr. Justice ERLANGER. As the complaint was dismissed upon plaintiff's evidence alone, such evidence is not only entitled to belief, but also to such favorable inferences as can reasonably be drawn therefrom. The undisputed facts are as follows, viz.: Plaintiff was employed by a tenant of defendants. She lawfully entered the passenger elevator in defendants' building, which was entirely under the management and control of defendants' servants. For some unex-

plained reason the elevator made a sudden drop from the tenth floor of said building to a point between the fourth and fifth floors, where it as suddenly stopped. short, thereby causing serious injuries to the plaintiff.

The latter's counsel sought to show by one of the employers of plaintiff, and a tenant in said building, as we have seen, that a similar accident to this elevator occurred about three months prior to the accident in question; but the court refused to admit such evidence, to which ruling exception was taken. The evidence was admissible as in some degree tending to show the probability of the dangerous condition of the elevator, as well as notice of such danger to defendants. It seems to us, also, that the facts disclosed called upon the defendants for some explanation. The reasonable conclusion from the evidence adduced supports the allegations in the complaint that the elevator car was in bad condition, and that the employé who operated the car failed in his duty by not properly controlling the lever of the car. We think it was error to dismiss the complaint.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.