### CRANE v. MILLER et al.

(Supreme Court, Appellate Term. March 5, 1908.)

NEGLIGENCE—FALLING PLANK—SUFFICIENCY OF PROOF.

Though, in a personal injury action, proof that the fall of the plank which injured plaintiff while he was working on a building was caused by defendants' employés in moving a temporary bridge in the course of the construction of the building would have established a prima facie case of negligence against defendants, no recovery can be had where it appears that defendants' employés were not exclusively in occupation of the place, and that the cause of the fall was as readily traceable to the plaintiff's coemployés as to defendants' employés.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action for personal injury by Patrick Crane against Benjamin C. Miller and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Asa A. Spear, for appellants.

Gavegan & McQuaid, for respondent.

BISCHOFF, J. The theory of the plaintiff's case is that the plank which fell upon him was caused to be disturbed from its position by the defendants' employés, who were engaged in moving a temporary bridge, in the course of building construction at the place of the plaintiff's employment. If the fall of the plank were traced to the particular persons who were moving this bridge, a prima facie case, sufficient to call upon the defendants to give proof in explanation, would have been presented (Reilly v. Atlas Co., 83 Hun, 196, 31 N. Y. Supp. 618; Id., 3 App. Div. 363, 38 N. Y. Supp. 485); but the evidence shows beyond dispute that the defendants' servants were not exclusively in occupation of this place, that the plank fell, not because of the lowering of the bridge, which had not as yet come near it, but because some person kicked it, and that the impulse which caused the fall was as readily traceable to the plaintiff's coemployés, or to other persons, as to the defendants' servants. With the proof in this condition, the judgment for the plaintiff cannot be upheld. Wolf v. Am. Tract Society, 164 N. Y. 30, 58 N. E. 31, 51 L. R. A. 241.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.